### C. F. Smith v. N. A. Carroll.

#### Decided February 15, 1902.

**1.—Jurisdiction—Justice Court—Foreclosing Lien—Value of Property.**

A judgment of a justice court foreclosing a lien on property exceeding $200 in value is void for want of jurisdiction over the subject matter.

**2.—Same—New Trial—Notice—Judgment Void.**

Since the statute authorizes the granting of only one new trial in the justice court, and that upon written motion and notice to the opposite party, a judgment rendered by it for the plaintiff, after a second grant of new trial to him, without written motion or notice to the defendant, was void.

**3.—Same—Void Judgment—Injunction—Appeal.**

In such case defendant could enjoin the enforcement of the void judgment, and was not bound to appeal, the only valid judgment in the case being one in his own favor.

Error from the County Court of Dallas. Tried below before Hon. Kenneth Foree.

*H. S. Crawford, R. S Baker,* and *W. A. Rhea, Jr.,* for plaintiff in error.

TEMPLETON, Associate Justice.—P. E. Rape sued C. F. Smith in the court of N. A. Carroll, a justice of the peace, on a debt of $170,

and to foreclose a mortgage lien on two horses and a lease on 100 acres of land. The mortgaged property was then of the value of $300, and was of that value when the case was disposed of in the Justice Court. A trial resulted in a verdict and judgment for the defendant. On motion of the plaintiff a new trial was granted. The second trial resulted as did the first. The plaintiff made a verbal motion for another new trial, which was heard and granted without notice to the defendant. The justice then tried the case a third time, the defendant not being present or represented at such trial, and rendered judgment in favor of the plaintiff for the recovery of the debt sued on and for the foreclosure of his lien on all of the mortgaged property. Process was issued to enforce said judgment and was placed in the hands of W. N. Noles, a constable, who levied on the aforesaid property. Smith thereupon brought this suit against Rape, Carroll, and Noles, in the County Court, to enjoin the enforcement of said judgment on the ground that the same was void. A temporary injunction was granted, but on final hearing it was dissolved and all relief denied. Smith has appealed.

In Cotulla v. Goggan, 77 Texas, 32, it was held that a justice court had no jurisdiction of a suit to foreclose a mortgage lien on property of the vale of more than $200. The decision in that case was followed by this court in Schwartz v. Frees, 31 Southwestern Reporter, 214. Under these authorities, the Justice Court had not jurisdiction of the suit of Rape against Smith, as the mortgage sought to be foreclosed therein covered property of the value of $300. As the court had no jurisdiction of the case, the judgment rendered in favor of Rape, which Smith seeks to enjoin was void. A want of jurisdiction of the subject matter of a suit is fatal to the validity of the judgment.

The judgment was void on another ground. Our statutes authorize a justice of the peace to grant a new trial only upon written motion and after notice to the opposite party. Rev. Stats. 1895, arts. 1652, 1654. It is further provided that but one new trial shall be granted to either party. Art. 1656. In Aycock v. Williams, 18 Texas, 393, a judgment was rendered in favor of the defendant in a suit pending in a justice court. The justice granted the plaintiff a new trial without giving notice of the application to the defendant. Subsequently the case was tried in the absence of the defendant and judgment was rendered in favor of the plaintiff. The defendant applied for certiorari. The court said: "After the rendition of final judgment by the justice, his power and jurisdiction over the cause and the parties ceased. He could only reacquire jurisdiction to re-examine the case upon application for new trial; and upon this application notice to the adverse party was necessary to give jurisdiction of his person. Notice was not given, and the court subsequently had not jurisdiction to grant the new trial or take any further action in the case. The only notice which was given was after the new trial had been granted. But the statute requires notice to be given of the application. The judgment having been rendered when the justice had not jurisdiction, was void."

The judgment of which Smith complains in this case was void and he is entitled to be relieved against it. The question is whether he should have appealed or whether he might have relief by injunction. In Aycock v. Williams, supra, it was declared to be clear that injunction would lie in such case. We believe this to be a sound proposition of law.

The trial court doubtless reached the opposite conclusion upon the authority of Railway v. Ware, 74 Texas, 47. We think that case can and should be distinguished from the one at bar. In that case Ware had brought numerous suits against the railway company in the justice court upon different causes of action, some involving more and some less than $20. He obtained judgment in all the cases, and the railway company applied for an injunction against them all on the ground that the same were rendered without legal citation. It was held that the citations were defective and the judgments void, but that the applicant was entitled to injunction only as to the cases involving less than $20, and that it should have appealed in the other cases. It may be conceded that in such case the remedy by appeal offered efficient relief. Had appeals been prosecuted the judgments complained of would have been superseded, and in the county court the railway company could have had the cases tried on their merits, and this was all which it had a right to demand. In this case the situation of the parties was altogether different. The justice had not jurisdiction of Rape's suit against Smith, and presumably the judgments against him were based on that ground. The attempt of the justice to grant a second new trial was illegal and void, and the second judgment was not affected by such action. That judgment was and is valid and binding, and all matters, of which the court had jurisdiction, which were there considered and determined were finally concluded. Smith was entitled to rely and insist upon the said judgment as being conclusive upon all questions which the Justice Court had authority to settle in that suit, it not having been appealed from by Rape, and was not bound to appeal from the void judgment against him, and by such appeal reopen the issues which had been adjudicated. Suppose Smith had appealed. The transcript from the Justice Court would have shown that the only valid final judgment rendered in that court was in favor of Smith, the appellant. Would the County Court have dismissed the appeal on the ground that Rape, and not Smith, was the proper party to appeal? If so, Smith could not be required to appeal. Suppose the County Court had taken jurisdiction of the case. What issues could have been tried? Would the court have determined that the justice had erred in attempting to set aside the judgment in favor of Smith and in rendering judgment in favor of Rape, and entered decree to that effect? This could not be done, as trials in the county court on appeals from the justice courts must be de novo, and the county court has no power to revise the rulings of the justice. Suppose then, that the County Court had tried the case on its merits. The first question to be determined would

have been whether the Justice Court had jurisdiction of the cause of action sued on. That very question had been settled by the second judgment in the Justice Court in Smith's favor and that judgment was still valid and binding, unless superseded by Smith's appeal. Manifestly, Smith ought not to be bound to appeal and thereby vacate a judgment in his favor. If the appeal would not have had the effect to supersede Smith's judgment, then the County Court would be retrying an issue which had been finally adjudicated and from which there was no appeal. We do not mean to lay down the proper rule of practice in such cases. The argument is made to show that the remedy by appeal was doubtful, uncertain, and complicated. The mere fact that a possible remedy at law exists will not prevent a resort to equity. In Sumner v. Crawford, 91 Texas, 129, it is said: "In courts administering both law and equity, like ours, the rules denying an injunction when there is a remedy at law, should not be applied as rigidly as at common law, where the issuance of the writ in equity was, to a certain extent, an invasion of the jurisdiction of another tribunal." And it was intimated in that case that article 2989, Revised Statutes, authorizes an injunction, though the legal remedies available should be held adequate within the rule denying an injunction in such case at common law. It is declared that the writ may issue when it appears (1) that the applicant is entitled to the relief demanded; and (2) that in order to give such relief, the restraint of some act is necessary. This case comes literally within the terms of this declaration. Smith was in legal possession of the property the constable was ordered to seize, and was entitled, at least as against the writ he complains of, to hold the property undisturbed. It was necessary to restrain the constable and the parties controlling the writ, in order to relieve Smith against the threatened invasion of his rights. It may be that he could have secured such relief by an appeal. But we have seen that the legal remedy, if one existed at all, was doubtful and the proper practice uncertain, and that a resort thereto involved, possibly, a surrender of Smith's rights under a valid judgment. The remedy in equity was direct, simple, and efficient. We do not believe that the remedy by appeal, even if appeal would lie in such case, was plain, adequate and efficient under the settled rules which prevail in this State, and our conclusion is that the trial court erred in refusing the relief sought.

The judgment of the County Court is reversed, and judgment will be here rendered granting to the plaintiff in error the injunction applied for.

*Reversed and rendered.*