### J. L. BONNER v. LEGG & TYNDALL.

Decided April 24, 1907.

**Appeal—Jurisdiction—Defective Record.**

An appeal from County Court having been dismissed because the record did not show that it was a case originating in Justice Court and the amount in controversy was not sufficient to give the County Court original jurisdiction, a motion to reinstate and for certiorari to complete the record will be denied unless supported by a showing that appellant was not in fault in bringing an imperfect record before the court for its disposition. Western U. Tel. Co. v. O'Keefe, 87 Texas, 423, distinguished.

Appeal from the County Court of Coleman County. Tried below before Hon. M. M. Williams.

*Woodward & Baker,* for appellant.

*Snodgrass & Dibrell,* for appellees.

FISHER, CHIEF JUSTICE.—At a former day of this term the appeal in this case was dismissed on the ground that it appeared from the record that the County Court of Coleman County did not have original jurisdiction of the amount in controversy, and that it could not be assumed from the record that the case had been appealed from the Justice's Court to the County Court, because the record contained no proceedings indicating that the case originated in the Justice's Court.

A motion to reinstate and for rehearing has been filed, in which it is made to appear that the case originated in the Justice's Court and was carried to the County Court by appeal. The O'Keefe case in 87 Texas is cited by the appellant as authority in support of this contention that the record on appeal at this late date could be corrected so as to show the jurisdictional facts which were omitted in the record as brought up. It is not decided in the case referred to that the privilege to correct the record after a judgment of dismissal is absolute, but that case is predicated upon a motion made, which was sustained by facts, showing that the party who was responsible for filing the record in the Court of Civil Appeals was not guilty of negligence in forcing upon the court for its disposition an imperfect record. This case was fully explained and distinguished on a similar state of facts as here exists in St. Louis & S. F. Ry. Co. v. Pettigrew, 16 Texas Ct. Rep., 986, 97 S. W. Rep., 338. In the latter case no excuse was given or shown in the motion for rehearing why the entire record was not brought to that court before the case was disposed of. No valid excuse is offered in connection with the motion filed in this case why the essential features of the record, as pointed out in the original opinion, were not included.

*Motion overruled.*