## J. W. MALEY v. R. L. MUNDY ET AL.

### Decided November 27, 1907.

**Appeal—Bond—Jurisdiction.**

Where a case in which defendants, against whom plaintiff recovered judgment in Justice Court, appealed to the County Court, and plaintiff, in turn, appealed from a judgment therein in favor of defendants, an appeal bond or affidavit of inability, made by defendants on their appeal, was necessary to give jurisdiction to the County Court, and when it does not appear in the record plaintiff's appeal from the County Court must be dismissed.

Appeal from the County Court of Tom Green County. Tried below before Hon. Milton Mays.

*Brightman & Upton,* for appellant.

*W. A. Anderson,* for appellee Mundy.

*Thomas & McCarty,* for appellees, Bailey and Paul.

FISHER, CHIEF JUSTICE.—This is a suit by Maley in the Justice's Court of Precinct No. 1 of Tom Green County, against R. L. Mundy, E. E. Bailey and C. P. Paul, to recover the sum of $199. Upon trial in the Justice's Court verdict and judgment was in plaintiff's favor against the defendant Mundy for $80, and in favor

of the defendants Bailey and Paul, to the effect that the plaintiff recover nothing as against them. There was an appeal to the County Court, and judgment was there rendered in favor of all the defendants.

It does not affirmatively appear upon the face of the record whether the plaintiff or the defendant Mundy appealed to the County Court, but the appellant Maley has perfected his appeal from the judgment of the County Court to this court, and he states in his brief that the defendants appealed from the judgment of the Justice's Court to the County Court. Appellees Bailey and Paul concur in the statement made by the appellant. Appellee Mundy in his brief does not expressly concur, but from the manner in which the questions are treated, we conclude that the statement made by the appellant that they appealed from the judgment of the Justice's Court to the County Court is correct.

From a close inspection of the record we have not been able to discover that the defendants in the Justice's Court perfected their appeal to the County Court by executing an appeal bond or making the affidavit required by the statute in lieu thereof. The statement of the appellant that the defendants in the Justice's Court appealed from the judgment there rendered, being practically concurred in by the appellees, must be taken as a correct statement of the fact; and, if such is the case, the judgment being in favor of the appellant for a sum recovered, could only be appealed from by the defendants to the County Court upon the execution of the bond or the making of the required affidavit. Of course, the proposition will not be controverted that if the County Court· did not acquire jurisdiction there could be no appeal to this court, the case having originated in the Justice's Court. And, as we construe the authorities upon this subject, in connection with the intimation in Edwards v. Morton, 92 Texas, 152, where a party appeals against whom a judgment for some amount has been rendered, a bond or affidavit is necessary to confer jurisdiction upon the County Court. A different rule obtains where the plaintiff appeals from a judgment of the Justice's Court and no amount is recovered against him by cross-action or otherwise, and he recovers nothing against the defendants, or a less amount than he sues for. In such a case, the plaintiff would not be required, in order to perfect his appeal, to execute an appeal bond. Edwards v. Morton, 92 Texas, 152; Houston & T. C. Ry. v. Red Cross Stock Farm, 91 Texas, 628; Albritton v. First Natl. Bank of Mexia, 38 Texas Civ. App., 614.

In Bomer v. Legg & Tindall, 17 Texas Ct. Rep., 988, based on cases there cited, this court held that the essential facts to show jurisdiction must appear upon the face of the record. If it is true, which fact is admitted, that the defendants against whom the judgment was rendered in the Justice's Court, appealed from the judgment in favor of the plaintiff for a certain amount, it was necessary, in order to perfect that appeal and confer jurisdiction upon the County Court, that that fact should appear from the record by a bond or affidavit as required. If, on the other hand, appeal had been by the plaintiff who was unsuccessful, or had appealed from a judgment

in his favor for a less amount than he sued for, it would only have been necessary to file in the County Court a transcript of the proceedings of the Justice's Court; for, as said in Edwards v. Morton, in such a case, no bond would be required.

Treating the appeal from the Justice's Court to the County Court as being by the defendants, and it not appearing from the record that any appeal bond was executed or affidavit in lieu thereof made, it is apparent that the County Court did not have jurisdiction; and, if that is the case, of course this court is lacking in jurisdiction, and the appeal must be dismissed.

*Appeal dismissed.*