EMMA MELCHER ET AL. v. JOHN SUPER.

Decided June 2, 1909.

**Surviving Wife—Homestead—Allowance in Lieu of.**

A surviving wife is not entitled to an allowance in lieu of a homestead out of her deceased husband's estate when she has a homestead in her separate right.

Appeal from the District Court of Harris County. Tried below before Hon. Chas. E. Ashe.

*E. P. & Otis K. Hamblen,* for appellants.—Assuming—only for the purpose of this particular proposition—that applicant and deceased did have a homestead on her separate property at Houston Heights, nevertheless she- was entitled in law to a homestead in her husband's estate, and in the absence of such homestead, then to an allowance in lieu thereof, and if there were no funds to pay such allowance, then she was entitled to take the property applied for as payment thereof at the appraised value. Revised Statutes of Texas, arts. 2046-2050, inclusive; Ball, Hutchings & Co. v. Lowell, 56 Texas, 579; Pressley's Heirs v. Robinson, 57 Texas, 453; Clift v. Kaufman, 60 Texas, 64.

*Tharp & Whitehead,* for appellee.

NEILL, ASSOCIATE JUSTICE.—In October, 1905, Peter Baumann, Jr., who resided in Houston, Texas, died intestate leaving surviving his wife, Emma Baumann, neither he nor she having any children. On May 9, 1906, Mrs. Baumann was appointed administratrix of the estate and returned an inventory showing the following real estate only belonging to the estate: "An eighty-acre interest in land out of the 320 acres of the John Mark, assignee of Pierce Sullivan, survey, situated in Harris County, Texas," and appraised at $700.

Also personal property appraised at $50. No other property was shown by the inventory.

· The appellee, John Super, held a claim against the estate for five hundred and odd dollars, which was duly approved by the administratrix and allowed by the county judge and duly entered upon the claim docket of the County Court as a fourth-class claim against said estate, which claim is unpaid.

Emma Baumann, in her individual capacity as surviving wife of Peter Baumann, Jr., applied to the County Court to have the eighty acres of land set apart to her in lieu of exempt property, averring that at the time of the death of Baumann she and he had no homestead, and did not have all the articles exempt by the law to the family. She asked that the land be set aside to her in lieu of a homestead and such exempt property, alleging that there were no funds belonging to the estate out of which the allowance could be made, and that such land was the only property of the estate.

John Super contested the application, averring as his grounds of contest that he was a creditor of the estate, and that Baumann and his wife had a homestead, other than the eighty acres inventoried, at the time of his death. He also alleged that the applicant had ample means from insurance money on her husband's life and other property.

Pending the proceedings, the administratrix married John Melcher, and thereupon Super set up the marriage and contended that on account of it she was not entitled to such exemptions. The application and contest was heard by the County Court and an order entered setting aside the eighty acres to the surviving wife in lieu of homestead and other exempt property. From this order Super appealed to the District Court, where the issue as to whether Baumann and wife had a homestead at the time of the former's death was submitted to the jury; and upon a verdict being returned in favor of the contestant upon the issue, the court. rendered judgment refusing to set aside to the applicant the eighty acres in lieu of a homestead. The appeal is from that part of the judgment.

The first assignment complains that the court erred in refusing to peremptorily instruct the jury to return a verdict in favor of Mrs. Emma Melcher, as requested in a special charge submitted by her.

Under this assignment it is first contended that if it be assumed appellant and her deceased husband did have a homestead on her separate property at Houston Heights, she was nevertheless entitled under the law to a homestead in her husband's estate, and in the absence of such homestead to an allowance in lieu thereof. This contention is refuted by the case of Ball v. Lowell, 56 Texas, 584, where it is said: "The intention of the Legislature was to provide out of the assets of the deceased a homestead for the family if they had none, and not, as in a case like the present, to provide an allowance in lieu of that which already existed. An allowance can be given in lieu of that which has no existence, but it would be a perversion of the term to give it in lieu of that which already has an existence."

Again, it is contended under this assignment that the undisputed evidence showed that at the time of Baumann's death he and his wife had no homestead of any character on any property, community or separate, and that therefore his surviving wife was entitled to the allowance prayed for. If the undisputed evidence were as asserted by appellants, it would follow that the peremptory instruction to find for Mrs. Melcher on the issue of homestead should have been given. But there was evidence which showed that Baumann and his wife at one time lived on certain lots in Houston called the "Heights property," the title to which was taken in her name, though not in such way as the deed would show it was her separate estate, and that the title to this property stood at the time of Baumann's death just as it was when he and his wife occupied it. The evidence shows that they moved off the property about three years before the husband's death, having occupied it for about three months, and never lived on it afterwards.

This, we believe, raised the issue of homestead, which the court in its charge submitted to the jury as follows:

"If you believe from the evidence that Peter Baumann, Jr., and wife moved upon the Houston Heights lots and occupied the same as a place of residence, but if you further believe from the evidence that when they left said property that they did so with the intention of permanently abandoning the same, and with the intention of never again occupying the same as a homestead, then you are instructed on the issue of homestead that your verdict should be in favor of the widow of the said Peter Baumann, Jr., Mrs. Emma Melcher, and if you so believe you will say for your verdict, 'We, the jury, on the issue of homestead find in favor of Mrs. Emma Melcher.'

"If on the other hand you believe from the evidence that Peter Baumann, Jr., moved upon the Houston Heights lots and occupied same as a place of residence for himself and family, and that when he left said lots with his family that he did not do so with the intention of permanently abandoning the same as a home, but with the intention of again returning to and occupying the same as a home, then in such event, on the issue of homestead, you will find in favor of the contestant, John Super, and say for your verdict: 'We, the jury, on the issue of homestead, find in favor of the contestant, John Super.'"

The verdict was: "We, the jury, on the issue of homestead, find in favor of the contestant, John Super." No complaint is made of the charge submitting such issue, except that it should not have been submitted at all. The pleadings raised the issue, and we are not prepared to say that the evidence did not authorize its submission, nor that the evidence is insufficient to support the verdict.

The effect of what we have said in considering the propositions under the first assignment of error is to dispose of all the others adversely to appellants. The judgment is affirmed.

<em>Affirmed.</em>

Writ of error refused.