### J. E. WARE v. M. L. CLARK.

#### Decided January 1, 1910.

**1.—Appeal—Jurisdiction.**

Where it appeared from the transcript in an appeal from a County Court to a Court of Civil Appeals that the amount in controversy was less than $200, and there was nothing in the transcript to show that the case was an appealed case from a Justice Court, the Court of Civil Appeals will not consider the appeal. Such matter is jurisdictional and will be noticed without assignment of error. The jurisdiction of the court a quo must affirmatively appear from the transcript.

**2.—Practice—Stare Decisis.**

In the matter of following decisions the appellate courts are not bound by rules of practice as they are by rules of property.

**3.—Same—Appeal—Apparent Want of Jurisdiction.**

Where it seems from the transcript on appeal to a Court of Civil Appeals that the trial court did not have jurisdiction of the case, but the jurisdictional defect is one that might be explained or remedied, the proper practice is, not to dismiss the appeal, but to reverse the judgment of the lower court and remand the cause with instructions to dismiss the case unless the jurisdictional facts are made to appear.

Appeal from the County Court of Bosque County. Tried below before Hon. P. S. Hale.

*Schenck & Pedigo,* for appellant.

*Richard Kimball,* for appellee.

SPEER, ASSOCIATE JUSTICE.—This is an appeal from a judgment of the County Court of Bosque County in favor of M. L. Clark against J. E. Ware for the sum of one hundred and fifty dollars, that being the whole amount claimed in the plaintiff's petition.

We will not consider the questions raised by the appellant's brief since the transcript contains nothing to show that the cause originated in a Justice's Court and was appealed to the County Court of Bosque County. The cause of action appears to be one over which the County Court has not original jurisdiction, but over which it could only have appellate jurisdiction. But, as before stated, there is nothing to show that in rendering the judgment it did the County Court was exercising its appellate jurisdiction. It has been often held that the jurisdiction of the trial court to hear the cause must affirmatively appear from the transcript on appeal. American Soda Fountain Com-

pany v. Mason, 55 Texas Civ. App., 532 (119 S. W., 714); Texas & P. Ry. Co. v. Jordan, 83 S. W., 1105; Penn Fire Insurance Co. v. Pounders, 84 S. W., 666; Gregory v. Gulf & I. Ry. Co., 20 Texas Civ. App., 272 (48 S. W., 888); Merrick v. Rogers, 19 Texas Civ. App., 201 (46 S. W., 370). And though there is no assignment complaining of this defect, yet the matter, being jurisdictional, is fundamental in its nature and must be noticed without an assignment.

The only serious question, however, is as to the disposition to be made of the appeal. An examination of the authorities above cited will show that in each of them the appeal was dismissed, and such we believe has been the uniform practice of this court. See American Soda Fountain Company v. Mason, *supra,* and the following unpublished opinions of this court; Lovelady v. Brown, No. 4668; Alexander v. James, No. 4776; St. Louis, S. F. & T. Ry. Co. v. Dupuy, No. 5733. But it being only a question of practice, we do not feel ourselves bound in this respect if that is not the correct disposition to make of the case. In Merrick v. Rogers, *supra,* where the question appears first to have arisen, the Court of Civil Appeals for the Third District dismissed the appeal upon the reasoning that if the trial court had no jurisdiction, then the appellate court had none. The other cases appear to follow this decision either upon the same reasoning or without question. But it is not true that the appellate court acquires no jurisdiction merely because the trial court had none. Whitner v. Belknap, 89 Texas, 272; Pecos & N. T. Ry. Co. v. Canyon Coal Company, 102 Texas, 478; Chicago R. I. & G. Ry. v. Crenshaw, 51 Texas Civ. App., 198 (112 S. W., 117). In the case of Pecos & N. T. Ry. Co. v. Canyon Coal Company, *supra,* which was a certified question from this court to the Supreme Court, that court held that the County Court from which the appeal was taken had no jurisdiction of the subject matter of the suit, and suggested to this court that the better practice "would be to reverse the judgment rendered by the County Court and dismiss the case rather than to dismiss the appeal." In that case it was undoubtedly proper to dismiss the case since no amendment could have been made in the County Court so as to give that court jurisdiction, the case having been appealed from the Justice's Court, in which court a sum exceeding two hundred dollars had been demanded. We think the above quotation, however, indicates the correct practice in a case like this. This court having jurisdiction over appeals from the County Court where the amount involved is within the appellate jurisdiction of such court and exceeds one hundred dollars, it would not be proper to dismiss an appeal regularly taken. The proper practice, we think, is to reverse the judgment shown to have been entered by the trial court without having acquired jurisdiction, and, if the jurisdictional defect is one which can be remedied, to remand the cause to the County Court with instructions to dismiss the case unless the jurisdictional facts are made to appear, and that course is accordingly here pursued. See generally Glasscock v. Barnard, post 369, and Northern Pacific R. R. Co. v. Walker (U. S.) 37 Law Ed., 494.

*Reversed and remanded with instructions.*