JOHN E. MORRISON CO. v. HARRELL.

(Court of Civil Appeals of Texas. El Paso. March 21, 1912.)

1. JUSTICES OF THE PEACE (§ 159*)—APPEAL—BOND—NECESSITY.

Defendant cannot appeal from a money judgment in the justice court without filing an appeal bond, or an affidavit of inability to give one.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 550–578; Dec. Dig. § 159.*]

2. APPEAL AND ERROR (§ 493*)—RECORD—MATTERS TO BE SHOWN—JURISDICTION OF LOWER COURT.

To give the Court of Civil Appeals jurisdiction, the transcript must affirmatively show that the trial court had jurisdiction, so that where the record in the Court of Civil Appeals does not show the filing of an appeal bond, or affidavit in lieu thereof, on appeal to the county court from a justice's money judgment, so as to give the county court jurisdiction, an appeal from the county court to the Court of Civil Appeals must be dismissed for want of jurisdiction.

[Ed. Note.—For other cases. see Appeal and Error, Cent. Dig. §§ 2282–2284; Dec. Dig. § 493.*]

Appeal from Throckmorton County Court; T. J. Wright, Judge.

Action by J. E. Harrell against the John E. Morrison Company. From a judgment for plaintiff, defendant appeals. Appeal dismissed.

See, also, 139 S. W. 1166.

B. F. Thorp and B. F. Reynolds, both of Throckmorton, and Arnold & Arnold, of Graham, for appellant. Counts & Counts, of Olney, and R. B. Humphrey and C. J. Henson, both of Throckmorton, for appellee.

HIGGINS, J. Appellee filed suit in one of the justice courts of Throckmorton county

against appellant for the sum of $140 rental alleged to be due upon certain premises leased by appellee to appellant. Appellant answered and set up a cross-action for damages alleged to have been sustained to its stock of goods by reason of the failure on part of appellee to repair and place in proper condition the roof of the building occupied by it, the rents upon which were sued for in this suit by the appellee. The transcript of the proceedings in the justice court discloses that judgment was there rendered in favor of Harrell for the sum of $79.25. A motion for a new trial in that court by the appellant was overruled, and it gave notice of appeal to the county court of Throckmorton county. In the county court a judgment for $79.25 was also rendered in favor of Harrell against the appellant, from which judgment this appeal was prosecuted.

[1] It will be noted from what has been said that the judgment rendered in the justice court was not such as would permit appellant to appeal therefrom without bond or affidavit of inability to give same.

[2] To sustain the jurisdiction of this court, it must affirmatively appear from the transcript of the record that the trial court had jurisdiction to hear and determine the cause. The county court of Throckmorton county could have acquired jurisdiction of the cause only by the filing and approval of an appeal bond in the justice court or affidavit in lieu thereof, and, the record here failing to disclose the filing of such bond or affidavit, the appeal must therefore be dismissed for want of jurisdiction. Mayley v. Mundy, 47 Tex. Civ. App. 630, 107 S. W. 905; American, etc., Co. v. Mason, 119 S. W. 714; Bonner v. Legg, 46 Tex. Civ. App. 176, 101 S. W. 839; Railway Co. v. Warren Bros., 109 S. W. 1144; Joy v. Hatfield, 120 S. W. 569; Railway Co. v. Jordan, 83 S. W. 1105; Insurance Co. v. Pounders, 84 S. W. 666; McCarthey v. North, etc., Co., 101 S. W. 267; Merrick v. Rogers, 46 S. W. 370.

Appeal dismissed.