### BROWN et al. v. MARCH.

(Court of Civil Appeals of Texas. Ft. Worth. June 8, 1912. Rehearing Denied June 29, 1912.)

1. JUSTICES OF THE PEACE (§ 189*)—APPEAL — RECORD — CONTENTS — JURISDICTION OF LOWER COURT.

Where neither the pleading nor the record in an action in justice's court to foreclose a chattel mortgage shows that the value of the mortgaged property does not exceed the limit of the justice's jurisdiction, the judgment will be reversed and the cause remanded.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 727–733; Dec. Dig. § 189.*]

2. JUSTICES OF THE PEACE (§ 44*)—JURISDICTION—AMOUNT INVOLVED.

In suits in justice court to enforce liens upon personal property, the value of the property determines the jurisdiction.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 157–172; Dec. Dig. § 44.*]

Appeal from Montague County Court; W. W. Cook, Special Judge.

Action by J. B. March against J. H. Brown and others. From a judgment for plaintiff in the county court on appeal from a justice's court, defendants appeal. Reversed and remanded.

W. T. Russell, of Nocona, for appellants. Geo. S. March, of Madill, Okl., for appellee.

CONNER, C. J. This suit was instituted by appellee in the justice's court of precinct No. 7 of Montague county against J. H. Brown upon a promissory note for the sum of $140, and to foreclose a mortgage given by Brown to secure the note upon property described in the plaintiff's petition as follows: "1 black horse mule, 14½ hands high, about 10 years old; 1 4-year old cow and increase; 1 sorrel horse mule, about 14½ hands high, about 14 years old; one 2-year old heifer and increase; 50 cords of wood to be cut on Capt. Beal's farm; 1 set chain plow gear, with leather collars, back bands, and belly bands."

Oscie Curlin was also made a party defendant upon the allegation that he had purchased the heifer and calf covered by the mortgage lien, and had converted the same, to the plaintiff's damage $30. The defendant Brown denied that, as executed, the mortgage embraced the cattle therein described and pleaded that the mortgage was a forgery. Curlin defended on the ground that the cattle purchased by him were not such as described in the mortgage.

The trial in the justice's court resulted in a judgment for the plaintiff in the suit against both defendants as prayed for, and on appeal to the county court a like judgment in substance, though for a lesser amount, was rendered, from which this appeal has been prosecuted.

[1, 2] We find ourselves unable to dispose of the assignments of error because of the want of a proper showing of jurisdiction in the justice's court. It is well settled that in suits to enforce liens upon personal property the value of the property determines the jurisdiction. Smith v. Giles, 65 Tex. 341; Cotulla v. Goggan & Bros., 77 Tex. 32, 13 S. W. 742. In the case last cited, it was also expressly held that, where the justice was without jurisdiction, jurisdiction could not be exercised by the court to which, under other circumstances, an appeal would lie. In the case before us, the pleadings of all the parties in both the justice's and county courts are in writing; but in none of them is there an allegation of the value of the personal property upon which the plaintiff in the suit sought and obtained the foreclosure of his mortgage lien. Nor, if we could dispense with such necessary pleading, can it be said that the record otherwise affirmatively shows that the value of such personal property did not exceed $200, the limit of the justice's court jurisdiction.

It follows, therefore, that the judgment must be reversed and the cause remanded for the reasons stated. See American Soda Fountain Co. v. Mason, 55 Tex. Civ. App. 532, 119 S. W. 714; Stricklin v. Arrington, 141 S. W. 189; Ware v. Clark, 125 S. W. 618.

Reversed and remanded.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes