## WILSON v. FORD.

(Court of Civil Appeals of Texas. Ft. Worth. May 17, 1913. Rehearing Denied June 14, 1913.)

1. COURTS (§ 122*) — JURISDICTION — AMOUNT IN CONTROVERSY—PLEADING.

Where, in a suit on certain notes and to foreclose a chattel mortgage, in a court the jurisdiction of which depended on the amount in controversy, the petition contained no allegation of the value of the property on which a foreclosure of the lien was sought, it was insufficient to confer jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413, 427; Dec. Dig. § 122.*]

2. APPEAL AND ERROR (§ 635*)—JURISDICTION OF TRIAL COURT.

Where an appeal was taken from the county court in a suit on certain notes and to foreclose a chattel mortgage, and there was no affirmative showing in the record that the amount in controversy was less than $1,000, so as to be within the trial court's jurisdiction, the judgment will be reversed, and the cause remanded.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2285, 2776–2782, 2829; Dec. Dig. § 635.*]

Appeal from Wichita County Court; C. B. Felder, Judge.

Action by Henry Ford against J. D. Wilson. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

W. T. Carlton, of Wichita Falls, for appellant. Mathis & Kay, of Wichita Falls, for appellee.

DUNKLIN, J. This is an appeal from a judgment rendered in favor of Henry Ford against defendant, J. D. Wilson, instituted in the county court of Wichita county to recover upon certain promissory notes and for a foreclosure of chattel mortgage liens upon several horses and a crop of 150 acres of cotton.

[1] Neither the original nor the supplemental petition, which constituted the pleadings upon which plaintiff relied upon the trial, contains any allegation of the value of the property upon which a foreclosure of lien was sought. According to the well-settled rule, if the value of this property exceeded the sum of $1,000, the county court had no jurisdiction of plaintiff's suit.

[2] In the absence of an affirmative showing of jurisdiction of the county court to hear and determine the controversy, the judgment must be reversed, and the cause remanded; and it is so ordered. Ware v. Clark, 125 S. W. 618; Stricklin v. Arrington & Carter, 141 S. W. 189.

Reversed and remanded.