## VICARS v. THARP. (No. 750.)

(Court of Civil Appeals of Texas. Amarillo. March 20, 1915.)

1. APPEAL AND ERROR &#x25C8;&#x2192;20—JUSTICES OF THE PEACE &#x25C8;&#x2192;141—AMOUNT IN CONTROVERSY—APPEAL FROM JUSTICE—DISMISSAL.

Where the amount demanded by plaintiff in justice's court exceeds the jurisdictional amount, the county court on appeal is without jurisdiction, and a judgment of the county court must be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 81–87; Dec. Dig. &#x25C8;&#x2192;20; Justices of the Peace, Cent. Dig. §§ 467–476; Dec. Dig. &#x25C8;&#x2192;141.]

2. JUSTICES OF THE PEACE ⊙⟹141—JURISDIC-
TIONAL AMOUNT—APPEAL FROM JUSTICE—
DISMISSAL.

Where the amount demanded by plaintiff
in justice's court is within the jurisdictional
amount, but on appeal to the county court the
demand is by amendment increased beyond that
amount, the county court is without jurisdic-
tion, and an appeal from its judgment must
be dismissed.

[Ed. Note.—For other cases, see Justices of
the Peace, Cent. Dig. §§ 467–476; Dec. Dig.
⊙⟹141.]

Appeal from Gray County Court; Siler
Faulkner, Judge.

Action by J. F. Vicars against J. B. Tharp.
From a judgment for defendant, plaintiff ap-
peals. Dismissed.

Chas. C. Cook, of Pampa, and Newton P.
Willis, of Canadian, for appellant. Synnott
& Underwood, of Amarillo, for appellee.

HENDRICKS, J. This is an appeal from
the county court of Gray county, Texas. The
appellant, Vicars, sued the appellee, Tharp,
in the justice court; but the transcript of the
proceedings on appeal from the justice to
the county court are not exhibited in this
record. The transcript in this court shows
the filing of appellant's original petition in
the county court, with no indorsement by the
clerk of the county court that the same had
been filed, or was a part of the proceeding,
in the justice court. The third paragraph of
said petition alleges that:

"Because of said several items of indebted-
ness hereinbefore alleged, defendant has dam-
aged plaintiff, after deducting the amount due
defendant by plaintiff, in at least the sum of
$200," etc.

The aggregate of the items demanded by
plaintiff, appellant herein, against appellee,
with the aggregate demand of the items al-
leged as a credit upon the whole demand sued
for, leaves a balance, as a cause of action
set up by appellant against appellee, of over
$240.

There appears in the transcript a pleading
of appellee, labeled "Defendant's Original An-
swer," in the nature of a cross-action, with
an aggregate demand of $249.10, constituting
different items credited by an alleged indebt-
edness against appellee in favor of appellant
in the sum of $76.75, leaving a balance due of
$172.35, for which appellee sues appellant.
This pleading is indorsed by the county clerk
of Gray county as having been filed in the
justice court, as well as in his court. The
verdict of the jury was for "the sum of $75.-
40, in favor of defendant [appellee] and noth-
ing in favor of plaintiff [appellant]." The
judgment of the county court, as it appears
in the transcript, decrees all costs against ap-
pellant expended in the justice court as well
as in the county court.

[1] The record exhibiting that this must
have been an appeal from the justice to the
county court, and that the amount alleged by
appellant against appellee in the petition in
the county court, upon which the trial was
based, was an amount not within the juris-
diction of the justice court, and hence not
within the jurisdiction of the county court on
appeal, this cause must be dismissed in this
court for want of jurisdiction. Texas & Pa-
cific Railway Co. v. Hood, 125 S. W. 982;
Mo., Kan. & Tex. Ry. Co. v. Hughes, 44 Tex.
Civ. App. 436, 98 S. W. 415; Missouri, K. &
T. Ry. Co. v. Simmons, 98 S. W. 416.

[2] If this petition were filed in the jus-
tice court, of course that court would not
have had jurisdiction; neither would the
county court on appeal. If the appellant's
demand in the justice court was within the
jurisdiction of that court, and this petition
is an amendment increasing the demand to
the amount stated, the county court, under
the decisions cited, likewise would not have
had jurisdiction, and in either event this
court would not have jurisdiction. The ap-
pellee having recovered a verdict and judg-
ment, and the appellant, as plaintiff below,
having recovered nothing, and the transcript
no doubt correctly disclosing the amount in
the petition, upon which the trial proceeded
in the county court, we would be unable to
assist the appellant, as suggested by Justice
Dibrell in the cause of Wells v. Driskell, 145
S. W. 333, by according him any opportunity
of an attempted amendment of the transcript.
There is likely nothing to amend, so that ap-
pellant could show his cause within the ju-
risdiction of this court.

The appeal is accordingly ordered dis-
missed.

───────────────────────────────
⊙⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes