CITY NAT. BANK v. WATSON. (No. 8196.)

(Court of Civil Appeals of Texas. Ft. Worth. May 15, 1915. On Motion for Rehearing, July 3, 1915.)

1. JUSTICES OF THE PEACE ⊕⟿159—APPEAL—BONDS—NECESSITY.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2391, authorizing appeals from justices' courts to the county court, and requiring appellant, his agent, or attorney to file a bond to be approved by the justice and that when the bond has been filed the appeal shall be deemed perfected, the county court has no authority on appeal in the absence of an appeal bond duly filed and approved.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 544, 550–578; Dec. Dig. ⊕⟿159.]

2. JUSTICES OF THE PEACE ⊕⟿44—JURISDICTION—AMOUNT IN CONTROVERSY.

In suits in a justice's court to foreclose a lien on personal property, the value of the property is the measure of the court's jurisdiction.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 157–172; Dec. Dig. ⊕⟿44.]

3. JUSTICES OF THE PEACE ⊕⟿44—JURISDICTION—AMOUNT IN CONTROVERSY.

In the absence of an allegation in the petition of the value of property on which plaintiff in justice's court seeks to foreclose a chattel

mortgage, jurisdiction of the court does not affirmatively appear, and an appeal to the county court must be dismissed.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 157–172; Dec. Dig. ⊕⟶44.]

### On Motion for Rehearing.

**4. APPEAL AND ERROR ⊕⟶643 — RECORD — TRANSCRIPT—DUTY TO FILE.**

Under Court of Civil Appeals rule 22 (142 S. W. xii), declaring that a cause will be properly prepared for submission only when a transcript of the record exhibits a case prepared for appeal in accordance with the rules, and filed in the court under the rules, with briefs of one or both parties, and that all parties will be expected before submission to show that the transcript is properly prepared, each party to an appeal is charged with the duty of seeing that the transcript is properly prepared before submission, and after submission the court will not permit the correction of the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2791–2794; Dec. Dig. ⊕⟶643.]

**5. APPEAL AND ERROR ⊕⟶512 — APPEAL TO COUNTY COURT—JURISDICTION.**

The jurisdiction of the county court on appeal from a justice's court must affirmatively appear.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2326; Dec. Dig. ⊕⟶512.]

**6. JUSTICES OF THE PEACE ⊕⟶174—APPEAL—JURISDICTION.**

Where plaintiff in justice's court sued on a note, and for the foreclosure of a chattel mortgage securing it, without alleging the value of the mortgaged property, an amended petition not praying for a foreclosure of the mortgage, but not withdrawing the original prayer for foreclosure, could not be construed to show an abandonment by plaintiff of the claim for foreclosure so as to confer jurisdiction on the justice's court, especially where it rendered judgment foreclosing the mortgage.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 665–693; Dec. Dig. ⊕⟶174.]

**7. APPEAL AND ERROR ⊕⟶1163—APPEAL—JURISDICTION—DISPOSITION OF CASE.**

Where the county court on appeal from justice's court does not obtain jurisdiction, the Court of Civil Appeals on appeal from the county court judgment will reverse the judgment and remand the case with directions to the county court to dismiss, unless necessary jurisdictional facts are shown.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4524; Dec. Dig. ⊕⟶1163.]

Appeal from Eastland County Court; E. A. Hill, Judge.

Action by the City National Bank against O. P. Watson. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Earl Conner and Allen D. Dabney, both of Eastland, for appellant. J. R. Stubblefield and R. L. Rust, both of Eastland, for appellee.

CONNER, C. J. The record in this case contains a transcript from a justice court in Eastland county showing that the appellant bank instituted suit in that court upon a note for $158.95, alleging that "the note was secured by a chattel mortgage on first three bales of cotton on entire crop for 1913 on O. P. Watson's farm 16 miles east of Eastland; also rent cotton and one bay horse 11 years old, and about 16 hands high." Certain credits were admitted, but the prayer was "for judgment for full amount sued for, interest and attorney's fees, and for foreclosure of its chattel mortgage and for costs and judgment and special relief." The justice's transcript further shows that the defendant O. P. Watson presented a cross-plea for the sum of $198, alleged to be due by reason of the fact that he had been required to pay upon the note declared upon by the plaintiff usurious interest, entitling him to the amount specified in the cross-plea. But, as further appears from the justice's transcript, the trial resulted in a judgment on April 2, 1914, against the defendant on his cross-plea, and in favor of the plaintiff for $19.47 with a foreclosure of the mortgage lien "as it existed on January 4, 1914," upon "three bales of cotton," and also "upon one bay horse 11 years old, 16 hands high and unbranded." Said transcript further shows that:

"The defendant excepted to said judgment and gave notice of appeal to the county court of Eastland county, Tex., and requested that the transcript be made as provided by law, and that said cause be transferred to the county court as provided by law."

The transcript was duly signed and certified to by the justice, who also attached an itemized statement of the costs.

[1] The record before us further shows that a trial was had in the county court of Eastland county and a judgment rendered on October 10, 1914, denying the plaintiff bank a recovery on its note and on its mortgage, and decreeing that the defendant should recover the sum of $98 on his said cross-plea. But neither the justice transcript, nor the transcript from the county court before us, shows that the appeal from the judgment in the justice court was prosecuted by giving an appeal bond, as required by law. The statute provides that appeals may be taken from final judgments in the justice court to the county court where the judgment or amount in controversy shall exceed $20, exclusive of costs (Vernon's Sayles' Tex. Civ. Stat. art. 2391), but further specifically provides that:

"The party appealing, his agent or attorney, shall within 10 days from the date of the judgment, file with the justice a bond, with two or more good and sufficient sureties, to be approved by the justice, in double the amount of the judgment, payable to the appellee, conditioned that the appellant shall prosecute his appeal to effect, and shall pay off and satisfy the judgment which may be rendered against him on such appeal. When such bond has been filed with the justice, the appeal shall be held to be thereby perfected," etc. Article 2393.

The county court of Eastland county was without original jurisdiction in this case, and it could exercise no authority on appeal in the absence of an appeal bond duly entered

into by the appealing party, as provided by the statute. The statutes provide that such bond when given shall be approved by the justice of the peace and forwarded, together with other original papers, to the county court with his transcript, and it is possible that in the case before us such a bond was given and duly filed, but it is not so shown, and nothing seems to have been more firmly established in our decisions than that the jurisdiction of the court entering the judgment shall be made to affirmatively appear. Otherwise, it is our duty to reverse the judgment. See Ware v. Clark, 125 S. W. 618; American Soda Fountain Co. v. Mason, 55 Tex. Civ. App. 532, 119 S. W. 714, and cases cited. The judgment of the county court must, accordingly, be reversed with direction to the county court to dismiss the appeal in event its jurisdiction was not properly invoked by the giving of the bond required by the statute.

[2] In reversing the judgment we also call attention to the fact that the pleadings in this case appear to have been in writing and filed in the justice court, and that therein is to be found no allegation of the value of the property upon which the plaintiff sought to foreclose its mortgage, nor does the statement of facts in this case show the value of said mortgaged property. It is familiar law that in suits in a justice court to foreclose a lien upon personal property, the value of the property is the measure of the court's jurisdiction. See Smith v. Carroll, 28 Tex. Civ. App. 330, 66 S. W. 863; Brown v. March, 149 S. W. 353.

[3] In the absence, therefore, of an allegation of the value of the property upon which the plaintiff in this case sought to foreclose his mortgage, the jurisdiction of the justice court was not made to affirmatively appear. So that, had an appeal bond been given in this case, it would seem to have been the duty of the county court to dismiss the appeal. See Ware v. Clark, supra; Vicars v. Tharp, 174 S. W. 949.

It is accordingly ordered that the judgment herein be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

### On Motion for Rehearing.

[4] Appellee urges a rehearing, and to that end now seeks to correct the record before us by tendering a copy of the appeal bond in fact filed and approved in the justice court and transmitted to the county court together with the other papers by the justice of the peace, but which was omitted from the transcript to this court through an oversight of appellant's counsel. To now so permit the correction of the record, by whomsoever the fault, would be in direct opposition to rule 22 (142 S. W. xii) for the court of Civil Appeals as amended and set forth by our Supreme Court in the case of H. & T. C. Ry. Co. v. Parker, 104 Tex. 162, 135 S. W. 369. As amended the rule reads:

"A cause will be properly prepared for submission only when a transcript of the record exhibits a cause prepared for appeal in accordance with the rules prescribed for the government of the district and county courts, and filed in the court under the rules, with briefs of one or of both the parties, in accordance with the rules for the government of the court. All parties will be expected, before submission, to see that the transcript of the record is properly prepared, and the mere failure to observe omissions or inaccuracies therein will not be admitted, after submission, as a reason for correcting the record or obtaining a rehearing."

It will be noted that by the rule each party to an appeal to this court is alike charged with the duty of seeing that the transcript is properly prepared before the submission of the cause; and an inquiry, therefore, of whose the fault or miscarriage that brought about a failure is wholly immaterial.

[5] But if for any reason in this instance we could overlook the rule and follow the practice indicated in the case of Wells v. Driskell, 105 Tex. 77, 145 S. W. 333, the amendment of the record as now sought would avail appellee nothing, for the reason, as pointed out in our original opinion, that the transcript fails to show jurisdiction in the justice court, in that the value of the property upon which the plaintiff sought to foreclose a mortgage was not alleged, nor did such value otherwise appear, as was necessary. See authorities cited in our original opinion. The rule that the jurisdiction of the court from which an appeal has been prosecuted must be made to affirmatively appear, applies to the county court as well as to this court. See Merrick v. Rogers, 46 S. W. 370; T. & P. Ry. Co. v. Jordan, 83 S. W. 1105; Penn Fire Insurance Co. v. Pounders, 84 S. W. 666; Albritton v. First Nat. Bank of Mexia, 85 S. W. 1008; Bonner v. Legg & Tindall, 46 Tex. Civ. App. 176, 101 S. W. 839; Needham v. Austin Electric Co., 127 S. W. 904.

[6] Appellee suggests that an amended petition filed in the justice court authorizes the conclusion that the plaintiff abandoned his prayer to foreclose the mortgage. But we have examined this paper, and while it is styled an amended petition and is without a prayer for a foreclosure of the mortgage, it is in its real nature a reply to the defendant's answer, and should have been designated as a supplemental petition. There was no express withdrawal of the original prayer for a foreclosure and the record manifests that there was in fact no abandonment of this feature of the plaintiff's case, for, as affirmatively appears from the transcript from the justice court, the judgment of that court actually foreclosed the mortgage. So that we see no escape from the conclusion that we should deny appellee's motion to amend the record.

[7] Appellee insists, however, that in such event we should dismiss the appeal instead of reversing the judgment and remanding the cause, as we did on the original hearing,

But we had occasion to consider this precise question in the case of Ware v. Clark, 125 S. W. 618, cited in our original opinion, and there held that in cases like this the proper practice is to reverse the judgment and remand the case with instructions to the county court to dismiss the case, unless the necessary jurisdictional facts are shown, if possible, in some legal way. We still think this the proper practice, and the motion for rehearing is accordingly in all things overruled.