BUSH v. CAMPBELL.    (No. 317.)

(Court of Civil Appeals of Texas. Beaumont. March 8, 1918.)

APPEAL AND ERROR ⬤⟳493—RECORD—JURISDICTION.

Under the rule that in suits to foreclose liens upon chattels, jurisdiction is determined by the amount of the debt where it exceeds the value of the chattels, and by the value of the chattels where such value exceeds the debt, on appeal from a suit in the county court to foreclose a debt of $412.21, where the transcript did not affirmatively show, by allegations in the pleadings, the value at the time of the suit of the chattel sought to be foreclosed on, the Court of Civil Appeals had no jurisdiction; it not appearing affirmatively from the record that the county court had jurisdiction.

Appeal from Liberty County Court; C. N. Smith, Judge.

Suit by P. C. Campbell against A. E. Bush. From judgment for plaintiff, defendant appeals. Reversed and remanded.

H. E. Marshall, of Liberty, for appellant. E. B. Pickett, Jr., and C. H. Cain, both of Liberty, for appellee.

KING, J. This is an appeal from the county court of Liberty county, wherein appellee sued appellant upon several notes and on an open account, aggregating $412.21, and for a foreclosure of a mortgage upon a certain automobile, executed to secure the notes and such additional amounts as appellant might become indebted to appellee.

We cannot entertain the assignments of error in this case, for the reason that there are no allegations in the petition as to the value of the automobile at the time of the suit, and therefore it does not affirmatively appear from the transcript on appeal that the county court had jurisdiction to hear and determine this cause. It is the well-settled law of this state that the amount of the debt, in cases in which the value of the mortgaged property is less than such debt, determines jurisdiction, but in cases in which the value of the mortgaged property exceeds the debt the value of such property fixes the jurisdiction. In suits to foreclose a lien upon chattels, in justice's and county courts, even

though the debt be one of which such courts would have jurisdiction were no foreclosure sought, it is always a material inquiry as to the value of the property.

There being no allegations in the pleadings with reference to the value of the chattels upon which the lien is sought to be foreclosed, the transcript therefore does not affirmatively show that the value of such property does not exceed the jurisdiction of the county court. The petition must affirmatively show that the court has jurisdiction, not that it may have. Cotulla v. Goggan Bros., 77 Tex. 32, 13 S. W. 742; T. & P. Ry. Co. v. Jordan, 83 S. W. 1105; American Soda Fountain Co. v. Mason, 55 Tex. Civ. App. 532, 119 S. W. 714; Ware v. Clark, 58 Tex. Civ. App. 356, 125 S. W. 618; Bates v. Hill, 144 S. W. 289; Stricklin v. Arrington, 141 S. W. 189; Brown v. March, 149 S. W. 353; Walker Mercantile Co. v. Raney, 154 S. W. 318; Wilson v. Ford, 159 S. W. 73; Randals v. Pecos Valley State Bank, 162 S. W. 1190; Marshall v. Stowers Fur. Co., 167 S. W. 232; Lusk v. Hardin, 176 S. W. 787; Reeves v. Faris, 186 S. W. 772.

It is our duty in all cases to examine the pleadings and the judgment rendered thereon, in order to ascertain whether this court has jurisdiction of the case; and it not being affirmatively shown by the record that the county court of Liberty county had jurisdiction to hear and determine this suit, it follows that it does not appear from the record that this court has jurisdiction, and for this reason the cause is reversed and remanded.