**WICKER v. THOMSON et al.   (No. 2023.)**

(Court of Civil Appeals of Texas. Amarillo. June 14, 1922.)

Landlord and tenant ⬪161(3)—Lessee prevented from removing property by threats of force held entitled to temporary injunction.

Where lessors forcibly retook possession of leased farm and prevented lessee from remov-

ing his stock and feed stuffs by threats to do lessee great bodily harm, the lessee was entitled to a temporary injunction to restrain lessors from interfering with his removal of his property, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 4643, his remedy in action at law for detention of property not being adequate.

Appeal from District Court, Garza County; W. R. Spencer, Judge.

Action by W. T. Wicker against Donald Thomson and others. From an order denying plaintiff's application for a temporary injunction, he appeals. Reversed.

R. A. Baldwin, of Slaton, for appellant.
Gordon B. McGuire, of Lamesa, for appellees.

HALL, J. This is an appeal from an order of the district judge of Lynn county, denying the appellant's application for a temporary injunction. No answer was filed and no testimony introduced. The appellant alleges in substance: That on or about the month of January, 1921, under a contract with the defendant Donald Thomson, he acquired lawful possession of a certain farm in Garza county, and moved thereon with his family, his household goods, and live stock, and raised a crop on the premises during the year 1921. That on or about January 2, 1922, the defendant demanded possession and on or about January 23, 1922, defendant sent his codefendant Whittaker to plaintiff to ascertain whether or not plaintiff was going to move. That plaintiff advised him that he would be able to move about January 25th. That on the next day, January 24th, while plaintiff was away from home, the defendants unlawfully moved onto the land and into the dwelling house and forcibly and unlawfully occupied the same and acted in a rough, unseemly manner, frightening plaintiff's wife and children by displaying guns and pistols. That on January 25th plaintiff moved off of the premises but did not have time and opportunity then to remove his live stock and feedstuffs and later, on January 27th, he went back to finish moving and, while he was doing so, the defendants and others, acting as their agents, came out of the house armed with guns and endeavored to prevent plaintiff from removing his said property, threatening to do plaintiff great bodily harm, thereby preventing plaintiff from moving a large part of his said property. That defendants then and there forcibly and unlawfully withheld the same from plaintiff and are still withholding it. He itemized the property so withheld, the total value of which is alleged to be $775.00.

It is further alleged that, on January 27th, the defendants sent plaintiff a message not to return to said place if he did not want to get killed. He avers that the defendants are

dangerous men and that he fears to return to the place for the purpose of removing his property; that they are using, feeding and appropriating to their own use the plaintiff's feedstuffs and will continue to do so unless restrained and will continue molesting and interfering with plaintiff in his right to remove said property unless restrained by injunction. It is alleged that injunction is the only immediate and effective remedy by which plaintiff can obtain possession of his property and protect himself from great and irreparable injury and damages which the defendants and their agents are causing him and will, if unrestrained, continue to cause him. That he has no adequate remedy at law, is now in great need of his farming tools, implements, feed, and stock and fears the same will be abused and injured if allowed to remain in possession of the defendants. He fixes his damage at $3,500. The prayer is for temporary injunction restraining the defendants from molesting him or interfering with him or his attorneys in peaceably going upon the premises and carrying away his said property. He prays for his damages and for all legal and equitable relief. No answer was filed and no controverting affidavits. The trial judge denied the application without the introduction of any proof.

It will be observed that the application alleges that the appellant "is now in great need of his farming tools, implements, feed, and stock, and fears the same will be abused and injured if allowed to remain in possession of the defendants." It has been often held that, since article 4643, V. S. C. S., as now amended, became operative that an injunction may be granted, irrespective of the existence of a remedy at law. Lane v. Kempner (Tex. Civ. App.) 184 S. W. 1090; Smith v. Carroll, 28 Tex. Civ. App. 330, 66 S. W. 863; McFarland v. Wilder (Tex. Civ. App.) 54 S. W. 267; Green v. Gresham, 21 Tex. Civ. App. 601, 53 S. W. 382; Sullivan v. Dooley, 31 Tex. Civ. App. 589, 73 S. W. 82; Mitchell v. Burnett, 57 Tex. Civ. App. 124, 122 S. W. 937; Allen v. Carpenter (Tex. Civ. App.) 182 S. W. 430; Hoskins v. Cauble (Tex. Civ. App.) 198 S. W. 629; Holbein v. De La Garza, 59 Tex. Civ. App. 125, 126 S. W. 42; Stolte v. Karren (Tex. Civ. App.) 191 S. W. 600. In the last case a writ of error was refused. These authorities, almost without exception, hark back to Sumner v. Crawford, 91 Tex. 130, 41 S. W. 994, as sustaining their holding. In the case of Hill et ux. v. Brown et al., 237 S. W. 252, the Commission of Appeals, in an exhaustive opinion by Randolph, Justice, held that an injunction will not be granted to a person who has a plain and adequate remedy at law which is as efficient as the remedy by injunction. That was an action over the possession of certain real estate to which the appellee claims she was entitled. Her right to possession was contested. As stated by the learned judge, she had a clear legal remedy, either by action of forcible detainer or by suit in trespass to try title with a writ of sequestration. In the instant case it would be difficult to estimate the extent of the injury which would unquestionably result to a farmer who is deprived of his farming implements and teams just at the opening of the farming season. In fact, our investigation leads us to conclude that it is extremely doubtful, under the decisions, exactly what his measure of damages would be. It follows, we think, that his remedy for damages for the detention of this property, which in the absence of a denial, must be admitted to be without his consent and unlawful, is not an adequate remedy at law to which he should be relegated.

We think the trial court erred in denying the temporary injunction, and the judgment is therefore reversed.