WILLIAMS et al. v. WATT et al. (No. 5348.)

(Court of Civil Appeals of Texas. San Antonio.
Nov. 18, 1914. Rehearing Denied
Dec. 9, 1914.)

**1. CORPORATIONS (§ 556*)—RIGHTS OF STOCK-
HOLDERS—RECEIVERS.**

Under Rev. St. 1911, art. 2128, providing
that where a corporation is insolvent, or is in
imminent danger of insolvency, a receiver may
be appointed, a stockholder of a corporation
is not entitled to the appointment of a receiver
on the ground that it is insolvent, or in immi-
nent danger of insolvency, unless he has cause
of action against the corporation independent
of his interest as a stockholder.

[Ed. Note.—For other cases, see Corporations,
Cent. Dig. §§ 2219–2226; Dec. Dig. § 556.*]

**2. CORPORATIONS (§ 553*) — STOCKHOLDERS —
RIGHTS OF—RECEIVERS.**

Courts of equity will not appoint a receiver
of a corporation at the suit of a stockholder on
the ground of fraud, mismanagement, etc., on
the part of the corporate authorities, but will
merely enjoin or forbid the wrong complained of.

[Ed. Note.—For other cases, see Corporations,
Cent. Dig. §§ 2201–2216; Dec. Dig. § 553.*]

**3. RECEIVERS (§ 35*)—APPOINTMENT—NOTICE.**

While notice of an application for the ap-
pointment of a receiver is not required by stat-
ute, notice should be given, save in case of
emergency.

[Ed. Note.—For other cases, see Receivers,
Cent. Dig. §§ 54–60; Dec. Dig. § 35.*]

**4. RECEIVERS (§ 35*)—VACATION OF APPOINT-
MENT—NOTICE.**

Though a petition did not warrant the ap-
pointment of a receiver without notice, such
appointment will not be vacated on appeal for
that reason, where an answer was filed.

[Ed. Note.—For other cases, see Receivers,
Cent. Dig. §§ 54–60; Dec. Dig. § 35.*]

**5. APPEAL AND ERROR (§ 101*) — DECISIONS
APPEALABLE.**

No appeal can be taken from an order
denying a motion to vacate the appointment of
a receiver, but the appeal must be from the or-
der making the appointment.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 681–687; Dec. Dig. §
101.*]

**6. INJUNCTION (§ 27*)—ENJOINING RECEIVER
—GROUNDS FOR.**

That a receiver is unfit, or is not properly
discharging the duties of his office, is no ground
for enjoining him from acting, or enjoining par-
ties on whose petition he was appointed from
further prosecuting their suit, for the surety on
the receiver's bond is liable for any misconduct.

[Ed. Note.—For other cases, see Injunction,
Cent. Dig. §§ 50, 51, 53; Dec. Dig. § 27.*]

**7. INJUNCTION (§ 27*)—ENJOINING RECEIVER.**

That a receiver was surety upon the cost
bond of the plaintiff, at whose suit he was ap-
pointed, and that such plaintiff was indebted to
the corporation for which a receiver was order-
ed, is no ground for enjoining the receiver from
acting; the court never having been asked to
remove him nor to order him to sue plaintiff.

[Ed. Note.—For other cases, see Injunction,
Cent. Dig. §§ 50, 51, 53; Dec. Dig. § 27.*]

**8. INJUNCTION (§ 27*)—ENJOINING RECEIVER.**

That a receiver is selling property of a
corporation to himself is no ground for enjoin-
ing him from continuing to act, for his bond will
protect those injured.

[Ed. Note.—For other cases, see Injunction,
Cent. Dig. §§ 50, 51, 53; Dec. Dig. § 27.*]

**9. INJUNCTION (§ 27*)—ENJOINING RECEIVER.**

Where a receiver of the assets of a corpo-
ration was ordered by the court to sell them, he
will not be enjoined from selling because the
assets may be sacrificed.

[Ed. Note.—For other cases, see Injunction,
Cent. Dig. §§ 50, 51, 53; Dec. Dig. § 27.*]

**10. INJUNCTION (§ 27*)—ENJOINING RECEIVER
—GROUNDS FOR.**

Where a receiver of a corporation was ap-
pointed, the fact that the trial court refused to
hear the plea in abatement of those objecting to
the appointment until he tried the case upon
the merits is no ground for enjoining the re-
ceiver from acting, and those who instituted the
receivership suit from continuing to prosecute it.

[Ed. Note.—For other cases, see Injunction,
Cent. Dig. §§ 50, 51, 53; Dec. Dig. § 27.*]

**11. INJUNCTION (§ 128*)—RECEIVERSHIP PRO-
CEEDINGS—EVIDENCE.**

In a suit where it was sought to enjoin a
receiver, appointed at the suit of stockholders
of a corporation, from continuing to act, and
the stockholders from prosecuting their suit, evi-
dence *held* insufficient to show that the stock-
holders were guilty of such fraud in procuring
their stock that the receivership should be set
aside.

[Ed. Note.—For other cases, see Injunction,
Cent. Dig. § 278; Dec. Dig. § 128.*]

**12. INJUNCTION (§ 7*)—SCOPE OF REMEDY.**

Where a party could have procured relief
by appeal from an order of which he complained,
he is not entitled to an injunction to give him
the same relief.

[Ed. Note.—For other cases, see Injunction,
Cent. Dig. §§ 6, 34; Dec. Dig. § 7.*]

**13. INJUNCTION (§ 27*) — RIGHT TO ENJOIN
RECEIVER.**

That a receiver of a corporation is con-
ducting the business at a loss, while it had been
before conducted at a profit, is no ground for
enjoining him from continuing to act as such.

[Ed. Note.—For other cases, see Injunction,
Cent. Dig. §§ 50, 51, 53; Dec. Dig. § 27.*]

**14. INJUNCTION (§ 152*) — TEMPORARY IN-
JUNCTION—ORDERS.**

It is proper, upon the hearing for a tem-
porary injunction to restrain a receiver from
acting, to refuse to restrain the parties at whose
suit he was appointed from continuing to pros-
ecute their suit.

[Ed. Note.—For other cases, see Injunction,
Cent. Dig. §§ 337, 343; Dec. Dig. § 152.*]

Appeal from District Court, Kleberg Coun-
ty; W. B. Hopkins, Judge.

Action by J. A. Williams and others
against R. F. Watt and others. From an or-
der denying a temporary injunction, plain-
tiffs appeal. Affirmed.

T. Wesley Hook, of Kingsville, for appel-
lants. Pope & Sutherland, of Corpus Christi,
and Pollard & Crenshaw, of Kingsville, for
appellees.

MOURSUND, J. This is an appeal from
an order made by Hon. W. B. Hopkins, judge
of the Twenty-Eighth judicial district, re-
fusing to grant a temporary injunction. The
injunction was applied for by J. A. Wil-
liams, the Kingsville Planing Mill & Manu-
facturing Company, a Texas corporation, and
about 15 other persons and companies, and
it was alleged that plaintiffs comprise all
the stockholders of said corporation, except

Don Payne and E. M. Crawford, two of the defendants, and comprise the holders of eight-tenths of the liabilities of said corporation, exclusive of what is due stockholders for their stock. The petition is long, and, together with the exhibits attached thereto, comprises about 160 pages of typewritten matter. It was alleged that on February 21, 1914, upon the petition of Don Payne and E. M. Crawford, a copy of which was attached as an exhibit, and without notice to plaintiffs, R. F. Watt was appointed receiver for said corporation; that on March 4, 1914, said J. A. Williams and the said corporation, through their then counsel, Judge Reese, prepared a motion to vacate said receivership proceedings, and sought a hearing upon the same, but the judge did not grant a hearing until the district court met in Kleberg county on May 19, 1914, when he granted a hearing upon an amendment to said motion and overruled it; that evidence was introduced upon said hearing, a copy of which was attached as an exhibit, as well as copies of the motion and answer thereto.

It was further alleged that the said evidence showed the following: (a) That the stock issued to Payne and Crawford had been issued without their having paid anything into the corporate funds, and consequently they were not stockholders, and not entitled to maintain a stockholders' action for a receiver for said corporation; (b) that neither of said stockholders had a cause of action against Williams, or any one else, other than that they wished the said corporation's affairs wound up, and the appointment of a receiver for such reason only was not justified at the instance of a stockholder; (c) that no creditor has asked for the receivership, but eight-tenths of the creditors opposed the same, and the assets of said corporation, if sold, would just pay the creditors, and there would be nothing left for the stockholders, and the latter, therefore, had no real interest in the proceeding; (d) that the receiver was an interested party, because he was one of the bondsmen on the cost bond filed in the proceeding for a receiver, and said receiver will probably be called upon to pay such costs; (e) that one of the bondsmen of the receiver had withdrawn from the bond; (f) that the receiver had been appointed on a petition false as to all material allegations.

It was further alleged that thereafter both parties announced ready on these petitioners' plea in abatement and demurrers to the petition for said receivership, and, a jury being demanded, the court refused to hear said plea, but that it should have been granted because said evidence showed: (a) That Payne and Crawford had stock issued to them without paying therefor, and the same should be canceled, and then they could not maintain a stockholders' action for receivership proceedings, and, not being 25 per cent. of the creditors, could not maintain a creditors' action therefor; (b) that Payne and Crawford had no interest in the property of the corporation now, and therefore could not maintain an action for a receiver for it against the opposition of eight-tenths of the creditors thereof.

It is further averred that the demurrers were overruled, but should have been granted; that the court, after announcing that the cause had been continued, fixed the receiver's salary at $100 per month, without giving petitioners an opportunity to object; that the receiver was given notice of the withdrawal of one of his bondsmen; that the receiver is selling the assets of the company, consisting of a stock of lumber, in order to pay his salary, and is hiring a man to run the mill of the company, paying him $4 per day, and is selling lumber to himself for 21 per cent. less than it is worth, and is constantly depleting the assets of the corporation to pay his salary and the other running expenses of the business; that the mill does not pay running expenses and the receiver is running same at a loss of $150 per month, and the receiver's salary should be but $25 per month as mere custodian of the property, as many other receivers could be procured for that amount; that the action being prosecuted by Payne and Crawford is maintained for the sole purpose of forcing plaintiff to buy them out; that their stock is worthless; that they will not submit any "give or take proposition," nor accept such a proposition made by plaintiffs, to the effect that plaintiffs will pay all the creditors if the assets of the corporation are turned over to them, or will turn over the assets to Payne and Crawford if they will pay all the creditors; that plaintiffs have no adequate remedy at law; that the time for appealing from the order appointing the receiver expired without any appeal being taken, and plaintiffs believe no appeal will lie from the order overruling the motion to vacate the receivership; that there are 8 civil cases on the docket of the district court of Kleberg county ahead of this case, and there are 15 criminal cases on said docket; that said court holds but one week every six months; that it will take a week to try this case, and the court will not take up the plea in abatement until he tries the case; that the assets of the corporation are constantly being depleted; that the total assets of the corporation consist of about $1,500 worth of machinery and "some $3,000" worth of lumber, material, etc., and a drain upon the same of $250 per month on account of the receivership will soon deplete such assets; that the liabilities amount to just about the same sum of money, but if the assets were sold during this time of money stringency plaintiffs could not raise sufficient money to bid them up to their face value, and besides such purchase would amount to a recognition of the receivership, but the assets, with careful handling and with the line of business and

credit the corporation had built up, would have been worth more than the said sum, and to a degree the result is still obtainable if the property of the corporation is turned back to it; that the evidence adduced upon the hearing of the motion to vacate shows that plaintiff Williams, while manager of the corporation, conducted the business in a manner so satisfactory to the creditors that none of them have ever concurred in the application for a receiver, and enhanced the assets to the extent of $1,000, comparing same with the liabilities, and had an active business and a nice line of credit; that the property should be turned back to the corporation, because the receiver is unable to conduct the business successfully, and in fact is running same at a loss of about $150 per month. Plaintiffs prayed that Watt be restrained from acting longer as receiver, that Payne and Crawford be restrained from further prosecuting their suit for a receiver for said corporation, that the sheriff deliver the property of the corporation back to it, that the stock issued to Payne and Crawford be canceled, and for general relief.

Defendants answered, but their answer was not verified as required by law. Plaintiffs excepted to the sufficiency of the verification, but the court overruled such exception.

[1, 2] In this state a court of equity has no power to appoint a receiver of a corporation ancillary to a stockholder's suit to wind up its affairs. Article 2128, Statutes of 1911, does not entitle a stockholder to the appointment of a receiver for the corporation upon the ground of insolvency, or imminent danger of insolvency, alone; but a stockholder urging such ground must, in addition thereto, show that he has a cause of action against the corporation independently of the receivership, and that his interest as such stockholder requires the appointment to be made. People's Investment Co. v. Crawford, 45 S. W. 738; Farwell v. Babcock, 27 Tex. Civ. App. 162, 65 S. W. 509; Iron Co. v. Blevens, 12 Tex. Civ. App. 410, 34 S. W. 828. In said case of People's Investment Co. v. Crawford, the court held further:

"Courts of equity, by virtue of their general equitable jurisdiction, will not appoint a receiver of a corporation, and assume control and management of its affairs, at the suit of a stockholder alleging fraud, mismanagement, and collusion on the part of the corporate authorities, or ultra vires acts of the directors or of the corporation itself, but in such cases will limit the redress granted to the specific wrongs charged, and will go no further than to enjoin or forbid the misconduct complained of. Land Co. v. Blevens, 12 Tex. Civ. App. 410, 34 S. W. 832-834; High, Rec. § 288; 2 Cook, Stock. Stockh. & Corp. Law, §§ 746, 747, and 863, at page 1414; Mor. Priv. Corp. § 281."

The petition for receiver in this case alleges certain irregularities on the part of the officers in control of the corporation with respect to the holding of meetings and conduct of the affairs of the corporation. Such acts, under the authorities cited, did not enti-

tle Payne and Crawford to have a receivership instituted. Payne alleged in one part of his petition that the capital stock of the corporation, amounting to $15,000, was fully paid up; further on he alleges that $5,000 thereof has not been paid for, and that he and Crawford and Huber, who owned all the stock, made a contract with appellant Williams to transfer Williams $8,000 worth of their stock if he would pay the $5,000 into the corporation in lumber, and that Williams breached the contract and only paid in $1,000 worth of lumber. The corporation is in no manner liable to them by reason of their sale of stock to Williams. It was further alleged that the corporation had for a valuable consideration assumed the payment of a note upon which there was due $3,640, signed by Payne and Crawford, which was past due and unpaid, and a note for $316, signed by Payne, which had not matured. As Payne and Crawford were contracting with Williams to pay $5,000 to the corporation, the unpaid portion of the stock, it is apparent they owed that amount to the corporation, and could not be injured by having to pay the sums above mentioned for the corporation. The petition further shows that the corporation had property of the probable value of $9,500, and debts of about $6,656; but no importance is attached to the fact that Payne and Crawford owed it $5,000 for stock. There were no allegations that Payne or Crawford paid out anything for the corporation, or that it is indebted to either of them in any amount.

[3, 4] The court entered an order without notice to the corporation or other defendants appointing a receiver. While the statute does not require notice of such applications, our courts have uniformly held that notice thereof should be given, except in cases of emergency. Webb v. Allen, 15 Tex. Civ. App. 605, 40 S. W. 342; Cotton v. Rand, 92 S. W. 266; Haywood v. Scarborough, 41 Tex. Civ. App. 443, 92 S. W. 815; Sachs v. Goldberg, 135 S. W. 600. In this case the petition failed to allege facts going to show that plaintiffs would probably suffer irreparable loss if the appointment had been delayed. Security Land Co. v. S. T. Development Co., 142 S. W. 1191. It has, however, been held that when an appeal is taken, and it appears that an answer was filed, the same will be considered by the appellate court, and the order will not be reversed for want of notice. Smith v. Lamon, 143 S. W. 304. In this case no appeal was taken from the order appointing the receiver. The petition in this injunction case shows that a motion to vacate said appointment was prepared about 11 days after such order was made, but that the then attorney for appellants was unable to get the court to grant a hearing thereon. Instead of appealing from the order granting the receivership, appellants, by their present counsel, prepared an amended motion to vacate the same, which

was overruled several months after the order was made granting the receivership. Upon the hearing of said motion evidence was introduced as follows:

The affidavit, attached to the charter of the corporation, showed that Payne and Crawford each subscribed for $7,000 of the capital stock and Huber $1,000; that they turned over their interests in a planing mill business, which they swore had a net value of $9,000, and that paid-up capital stock amounting to 90 shares was to be issued therefor, of which Crawford was to receive 46 shares, Payne 38 shares, and Huber 6 shares. This affidavit stated the value of the machinery at $5,000, and the lots at $3,000. The uncontradicted testimony was that the machinery was worth about $1,500 installed, while witnesses disagreed as to the value of the lots, one placing such value at $1,200 to $1,500, while another estimated the value at $850. It was proved that the note for $3,500, signed by Payne and Crawford, mentioned in the petition for receivership, was secured by deed of trust upon the house and lots recited in affidavit to the charter to be the property of the corporation. There was a prior lien against the lots of $675, and the holder of the $3,500 note proposed to take the property for his debt and assume payment of the $675 note; the two claims aggregating about $4,500. This proposition was agreed to and accepted by all parties; it being authorized by an order entered by the court. By means of said deal Payne and Crawford became relieved of all liability upon the note for $3,500 mentioned in his petition.

Attorney for appellants testified that he owned the $316 note mentioned in said petition for receivership, and had sued to foreclose same, and that he was willing to take the machinery securing same in cancellation of the note, so that there should be no liability thereon upon the part of Payne. Payne admitted that said note was secured by about one-third or one-fourth of the machinery, worth $5,000 according to his affidavit attached to the charter. Williams testified that Payne, Crawford, and Huber own the stock; that the indebtedness of the corporation was about $7,000 when Payne left, and at the time application for receiver was filed about $9,000, but had about $3,000 more stock and lumber on hand. He admitted the business was in a failing condition when he took charge. He testified that, when they took stock after he went into the business, he told Payne and Crawford, there was only $2,000 more assets than liabilities, that they had put in $1,000 and he $1,000, and that he wanted his money back, and offered to take it in lumber, but they refused to do so.

Minutes of a meeting of stockholders held August 28, 1913, showed that for certain indebtedness owing by Payne and Crawford they transferred to the corporation $1,000 worth of its stock held by them; Payne transferring to amount of $850, and Crawford to the amount of $150. These shares were then issued proportionately among all stockholders, as follows: J. A. Williams, 5 shares; Crawford, 2½ shares; Payne, 2 shares; and Huber, ½ share. J. A. Williams was elected president, Payne first vice president, R. S. Williams second vice president, S. S. Williams secretary, and Crawford treasurer, and said parties were elected directors. These minutes were signed by Crawford. Payne admitted his presence at the meeting, but said he was not in the room when the officers were elected. Minutes of a meeting of directors held September 30, 1913, show that J. A. Williams acted as chairman and S. S. Williams as secretary, and Payne was present.

Upon this hearing no attention appears to have been paid to the fact that Payne was liable to the corporation for $3,200 for his stock subscription and Crawford for $2,400. It appears from Payne's own testimony that at the time of the stockholders' meeting Williams held $8,000 stock, Payne $2,350, and Crawford about $3,800. As Huber held $1,000 worth, it is evident that all the $15,000 stock was issued. The hearing developed the further fact that all the indebtedness of the corporation for which Payne and Crawford were liable had been adjusted, and that the $316 note described in their petition was amply secured by lien upon machinery. But the court refused to vacate the receivership, evidently upon the theory that the corporation was insolvent, or in imminent danger of insolvency, and that such condition was alone sufficient to justify the receivership; and, in justice to the court, it is to be noted that the fight waged for the vacation of the receivership appears to have been based upon the theory that Payne and Crawford should be held not to have paid anything for their stock, and it should therefore be held that the order for a receiver was procured fraudulently. The court refused to vacate the receivership. The next step taken by attorney for the appellants herein was to present a plea in abatement upon the theory that Payne and Crawford were not entitled to any stock in the corporation, and were therefore not entitled to sue. The court declined to submit this plea to a jury until he was ready to try the main case, and such refusal, together with the condition of the docket, is relied upon by appellants as a part of the grounds upon which they asked for an injunction.

[5] The question before us upon this appeal is not whether the court erred in holding the petition sufficient to authorize the appointment of a receiver, nor whether the court should have vacated the order upon hearing the motion to vacate same. No appeal was taken from the first order, and none could be taken from the one refusing to vacate the receivership. The only question is

whether the record shows appellants to be entitled to relief by injunction as prayed for. We will take up the allegations from the standpoint of their sufficiency as grounds for relief by injunction, bearing in mind that the exhibits are made part of the petition.

[6-8] 1. The allegations directed at the fitness of the receiver to discharge the duties of his office, and his manner of discharging same, must be disregarded, because such matters furnish no ground for an injunction. The surety upon the receiver's bond is not released. While the propriety of appointing a receiver who is surety upon the cost bond of plaintiff, who appears to owe the corporation, may be seriously doubted, such fact furnishes no ground for injunction. The court was never asked to remove the receiver, nor to order him to sue Payne and Crawford, nor to return an inventory into court, nor to cease selling to himself, and besides, if he sells to himself, his bond will protect those interested in the property from such unlawful acts.

[9] 2. No injunction was prayed for to restrain the receiver from selling the property of the corporation, and if there had been such a prayer it should be denied, because it appears from the exhibits attached to the petition that the court had ordered such sale. Under such circumstances an application should be made to the court for an order setting aside the order of sale. Beach on Receivers, § 745, page 795; High on Receivers, § 196.

[10] 3. The refusal of the court to hear the plea in abatement until he gets ready to try the case upon the merits is no ground for injunction.

[11] 4. Payne and Crawford, according to the admission in the petition for injunction, and according to the evidence contained in Exhibit B, were stockholders in the corporation. The record fails to disclose any such fraud on their part as would authorize a suit to set aside the order appointing the receiver. Even if they had not paid value for any part of the stock held by them, we are not prepared to say that such fact would show a fraud authorizing the setting aside of the order appointing the receiver; but it is unnecessary to pass upon that point, as the evidence fails to sustain appellants' contention to that effect. Appellants have figured the matter out to their own saisfaction, and made an exhibit showing their theory; but, in order to arrive at the result, they took the least valuation of the lots testified to, instead of the highest, and took a statement furnished by Crawford to Williams as to the value of the house. It is not shown that said statement was in any way an admission, even so far as Payne was concerned. The statement was furnished Williams by Crawford on August 5th, the year not being stated, but it is evident that it was in 1913, and just three days before the charter was filed. We realize that the testimony shows that the property was turned over to the corporation at a greatly inflated value, but it does not show that the liabilities exceeded the actual value of the business.

[12] 5. If it be conceded that the allegation, to the effect that neither Payne nor Crawford has a cause of action against the corporation, other than that they want the corporate affairs wound up, is sustained by the allegations of the petition for the appointment of a receiver, nevertheless the fact remains that no appeal was taken from the order appointing such receiver. It is well settled that, when a party has had an opportunity to avail himself of a legal remedy by an appeal and has neglected to make use of it, relief by injunction should be denied him. G., H. & S. A. Ry. Co. v. Ware, 74 Tex. 49, 11 S. W. 918; Kansas City Life Insurance Co. v. Warbington, 113 S. W. 988.

[13] 6. The allegation to the effect that the receiver is conducting the business at a loss of about $150 per month, and that Williams, while in charge of the business, conducted the same in a successful manner, constitutes no ground for granting the injunction prayed for.

[14] 7. To restrain Payne and Crawford from further prosecuting their suit would be equivalent to requiring them to dismiss the case. We do not think the court erred in refusing to do this upon the hearing for a temporary injunction. Courchesne v. Santa Fé Fuel Co., 155 S. W. 684. If the court found that a fraud had been practiced upon him in procuring the appointment of a receiver, or that for any other reason the receivership should be vacated, it was within his power to grant the necessary relief, without using the remedy of a temporary injunction. We do not know upon what theory of the law he considered the petition sufficient to justify the appointment of a receiver; but as no appeal was taken from his order, and the law permits none from his refusal to vacate the same, he cannot be required to revise his ruling by means of a temporary injunction, which would require the dismissal of the case and the vacation of the receivership. We conclude that the court did not err in refusing to grant the temporary injunction prayed for.

The judgment is affirmed.