INDIANA CO-OP. CANAL CO. v. DARLING et al. (No. 5731.)

(Court of Civil Appeals of Texas. San Antonio. April 26, 1916. Rehearing Denied May 17, 1916.)

1. WATERS AND WATER COURSES ⬯247(1)—IRRIGATION COMPANIES—STOCKHOLDERS—APPLICATION FOR RECEIVER—DAMAGES.

In a suit to place the property and business of a corporation in the hands of a receiver indefinitely for the benefit of minority stockholders,

which, if granted, would remedy the alleged depreciation of plaintiff's property caused by the corporation's failure to irrigate his land, a claim for damages for permanent depreciation would have no basis and could not be made in good faith.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 314; Dec. Dig. ⊙— 247(1).]

2. CORPORATIONS ⊙—553(5)—MINORITY STOCK-HOLDERS—ACTION—APPOINTMENT OF RECEIVER—GROUNDS.

A court of equity will not appoint a permanent receiver for a corporation because of the dissatisfaction of the minority stockholders with the management of the majority.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2205; Dec. Dig. ⊙—553(5).]

3. CORPORATIONS ⊙—553(6)—APPOINTMENT OF RECEIVER—GROUNDS.

The fact that the majority of the stockholders improvidently administer the affairs of a corporation is not ground for a receivership.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2206, 2207; Dec. Dig. ⊙—553(6).]

Appeal from District Court, Cameron County; W. B. Hopkins, Judge.

Suit by A. H. Darling and others against the Indiana Co-operative Canal Company. Judgment for the plaintiffs, and defendant appeals. Reversed and remanded.

Amos Rich, of Brownsville, and G. P. Dougherty, of Houston, for appellant. Graham, Jones & George, of Brownsville, for appellees.

FLY, C. J. This is a suit instituted by A. H. Darling, J. A. Dimick, C. J. Berry, Roy D. Patton, Randall Mathers, and Franklin Beal against appellant to obtain a receivership for it, and for damages arising from depreciation in value of land because of a failure to furnish water to irrigate the land. The petition is voluminous, setting out numerous shortcomings of the corporation and its directors; the prayer being for an indefinite amount of damages and the placing of the affairs of the corporation in the hands of a receiver. The court appointed a receiver.

[1] The main, if not the only, object of this suit is to place the property and business of a corporation in the hands of a receiver, not for purposes of dissolution, but to administer upon its estate and operate it indefinitely for the benefit of minority stockholders. There is no demand for damages for loss of crops occasioned by a failure to furnish water, but for depreciation in value of lands, which depreciation would be remedied by the operation of the irrigation plant. Such a claim for damages would have no basis, and could not be made in good faith, for if it were possible to grant such damages, and then operate the plant as desired by appellees, they would have their damages for permanent depreciation of the value of the land, and at the same time have a restoration of the land to its full value as being irrigable

property. To state such a proposition is its own complete refutation.

[2] The allegations of the petition disclose the fact that parties holding about 178 shares out of a total of 2,500 shares are dissatisfied with the management of the property of the corporation by the majority, and in an ex parte hearing sought and obtained the appointment of a receiver who would conduct the business according to their theories and desires. As said by this court in Toomey v. First Mortgage Trust Co., 177 S. W. 539:

"It was never contemplated that a disaffected minority of shareholders should take the affairs of a corporation out of the hands of its lawful officers and place them in the hands of a receiver to be administered in the interest of the minority."

That the corporation will not be managed by a majority as the minority may desire is often the case, and is one of the risks assumed by every stockholder who has not a controlling interest in the shares of the corporation. Courts will not lend themselves to minorities to enable them to run the affairs of a corporation, but they will be left to what usually comes to the minority in all the affairs of life. Usually very little attention is given to the wants and demands of minorities, and each shareholder in a corporation is charged with this knowledge and has assumed the risk that comes to the minority.

How long the receivership in this case is to last is not disclosed by the pleading or the judgment. The prayer would indicate that the appellees desired a permanent receivership to conduct the affairs of the corporation forever, for it is asked that the receiver be invested with authority to conduct the business of the corporation, that he repair and operate the canal, that he collect debts, that he accept payments for water, and that he be empowered to do everything that the board of directors could do in and about the premises. No dissolution is sought, no winding up of the corporation is desired, but simply that it be conducted in the interest and for the benefit of the minority. "A court of equity has no power to appoint a receiver to carry on the business, except with a view to winding up its affairs and selling its property." Cook, Corporations, § 863.

The allegations fail to show the insolvency of the corporation or any emergency existing for the appointment of a receiver without notice to any one. The warp and woof of the petition is dissatisfaction of a minority with the management of a majority, which they desire to control through a court of equity.

There is no basis laid in the allegations for a recovery of damages, and the whole pleadings seem to point to nothing but the appointment of a receiver to take over and manage the corporation in the interests of a minority of the stockholders. It may be, as al-

leged, that the directors are not conducting the affairs of the corporation to the best advantage of the stockholders, but this can offer no excuse for displacing the directorate and placing the affairs of the corporation in the hands of a receiver, not for a limited time, but for all time.

[3] The petition fails to show any cause of action against the corporation, but the whole drift of the petition is that the majority is improvidently administering the affairs of the corporation, but that is no ground for a receivership. People's Investment Co. v. Crawford, 45 S. W. 738; Williams v. Watt, 171 S. W. 266. As said in Toomey v. Mortgage Trust Co., herein cited:

"While there are some state courts that hold that a court will appoint a receiver where it is evident that continuation of business is impracticable or inequitable, still the weight of authority sustains Texas decisions in holding that a court will not appoint a receiver to administer on the estate of a corporation at the instance of dissatisfied stockholders, to whom the corporation is not indebted, in the absence of direct statutory authority for filing such suits. * * * In order to obtain the appointment of a receiver for a corporation it should appear that the plaintiff has a valid cause of action and his rights imperatively demand it, and it should not be used as a means of taking charge of affairs of a corporation when a minority has failed to secure a sufficient number of votes to run the business as they may desire. A court of equity will not lend its aid to a minority in getting the advantage of a majority of the stockholders."

The allegations fail to indicate such an emergency for taking the property of the corporation and placing it in the control of a receiver, without notice to any one. There was no reason for such precipitate action and the law will not tolerate it. Williams v. Watt, 171 S. W. 266.

The judgment is reversed, and the cause remanded.