**RED BALL STAGE LINES, Inc., v. GRIFFIN et al. (No. 9589.)**

(Court of Civil Appeals of Texas. Dallas. June 6, 1925.)

1. **Injunction ⬅172—Dissolution of injunction authorized only where answer denies all material allegations of bill.**

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 4664, 4665, court is authorized, on motion made therefor, to dissolve injunction only where answer denies all material allegations contained in bill.

2. **Injunction ⬅172—Answer held to deny only portions of material allegations contained in bill, so that court was not justified in dissolving injunction.**

Defendants' answer *held* to deny only portions of material allegations of bill, so that, under Vernon's Sayles' Ann. Civ. St. 1914, arts. 4664, 4665, court was not justified in dissolving injunction.

3. **Injunction ⬅61(2) — That legal remedy available, securing plaintiff adequate relief, not bar to right to injunctive relief against employés violating contracts.**

That legal remedy was available, which, if pursued, would have secured corporation adequate relief, does not operate to deny it right to injunctive relief against its employés, appropriating and·using property intrusted to them, and the revenues therefrom, and engaging in competition with it in, violation of their contracts.

4. **Injunction ⬅118(3) — Petition for injunction held to allege facts showing plaintiff entitled to some of relief demanded, requiring restraint of some act prejudicial to it.**

Corporation's petition for injunction, alleging that defendants, as plaintiff's trusted employees, had appropriated certain motor busses and proceeds from their operation to their own use, in violation of their duty as officers and agents of plaintiff, and engaged in competition with plaintiff in violation of their contract, *held* to allege facts showing that plaintiff was enti-

---

tled to some of relief demanded, and that such relief required restraint of some act prejudicial to plaintiff, within Complete Tex. St. 1920, or Vernon's Sayles' Ann. Civ. St. 1914, art. 4643, subd. 1.

**5. Injunction ⚖══5—Only where property forcibly or fraudulently taken will mandatory injunction issue requiring restoration.**

It is only where property has been forcibly or fraudulently obtained, and equities require that possession be restored to rightful owner, that court is authorized by mandatory injunction to restore property.

**6. Injunction ⚖══118(1)—Mandatory injunction requiring restoration of property held erroneous, because petition did not show that it was forcibly or fraudulently obtained.**

Plaintiff's petition for injunction against agents intrusted with operation of busses *held* not to allege with sufficient certainty that possession of property sought to be recovered was forcibly or fraudulently obtained by defendants, to authorize mandatory injunction requiring restoration of such property to plaintiff.

**7. Injunction ⚖══5—Mandatory injunction requiring restoration of property properly issued without notice, where property forcibly or fraudulently obtained from one in lawful possession.**

Issuance of mandatory writ of injunction, without notice, requiring restoration of property, is not improper, where possession was obtained by forcible trespass or actual fraud from one lawfully in possession thereof.

**8. Injunction ⚖══144 — Petition held to state facts warranting issuance of temporary injunction restraining defendants from engaging in competitive business in violation of their contract.**

Allegations in plaintiff's petition for injunction *held* to state facts authorizing issuance of temporary injunction restraining defendants from engaging in competitive business, in violation of terms of contract obligating them not to do so for period of time therein stated.

Appeal from District Court, Hunt County; J. M. Melson, Judge.

Action by the Red Ball Stage Lines, Inc., against J. M. Griffin and another, wherein plaintiff was granted a temporary injunction. From a judgment granting a motion to dissolve, and sustaining defendants' general demurrer to plaintiff's petition, plaintiff appeals. Reversed and remanded, with instructions.

McMahon & Dohoney, of Greenville, for appellant.

Patrick & Eubank, of Paris, and Neyland & Neyland, of Greenville, for appellees.

VAUGHAN, J. This is an action by the Red Ball Stage Lines, Inc., plaintiff below, against J. M. Griffin and R. J. Spann, defendants below, begun in district court of Hunt county, for the sole purpose of securing equi-

table relief through the office of a temporary writ of injunction, largely mandatory in its scope and effect, requiring the appellees to return four certain busses, and to report to the president of appellant for the amount of money taken in by appellees in the operation of said busses, and to pay over and restore same to appellant and its president, and to further restrain appellees from further undertaking to operate and control appellant's business and undertaking to collect and receive the receipts and revenues thereof, and from further interfering with appellant's officers and agents in the management and operation of its stage line business, and from further operating or attempting to operate, directly or indirectly, either for themselves or others, any other motor busses between the cities of Greenville and Paris, Tex. The claim for injunctive relief sought, especially the mandatory feature thereof, was based on the allegations.

That appellant was incorporated for the purpose of operating motor busses or stages, and that it is now engaged in such business. That C. Y. Partain and appellees constitute the board of directors of appellant corporation. That at a regular meeting of said board said Partain was duly elected president and business manager of said corporation; that under and by virtue of the by-laws of said corporation the president thereof is given full authority to manage and control the business of said corporation in the direction of its affairs, in the operation of motor busses, and full authority to receive, handle, and control receipts of said business, and full authority to issue checks of said corporation in payment of its obligations and necessary operating expenses. That on the 12th day of March, 1925, appellees did sell, convey, and deliver to appellant four motor busses, which had theretofore been operated by appellees in the carrying of passengers between the cities of Greenville and Paris, Tex., together with the schedules, runs, and the terminal facilities theretofore owned, used, and enjoyed by said appellees.

As a part of said transaction, including the transfer of said motor busses, appellees agreed to refrain from engaging in the motor bus business, or the operation of stage lines or automobiles for hire between said cities, or any intermediate points along said route, and agreed that they would not, directly or indirectly, enter into any competitive business with any other person or firm, other than as employés, stockholders, or officers of the appellant company, for a period of three years from the date of the instrument transferring said motor busses, to wit, the 12th day of March, 1925. That appellant is now the legal and equitable owner and holder of said motor busses, runs, schedules, and all rights and privileges appertaining thereto. That

immediately after said motor busses were so acquired by appellant it took charge of same in connection with said business, and continued to operate them until on or about the 17th day of April, 1925. That appellant employed appellees to assist in the conduct and operation of said business, appellee Griffin being placed in charge of said busses and drivers at Greenville, with authority to check up the drivers, and collect and receive the money taken in by them as fares or otherwise. That under his employment said Griffin was required to make daily reports to said Partain, and turn over to him all moneys received in the operation of said business. That appellee Spann, under the terms of his employment, was placed in charge of appellant's business at Paris, but that said Spann had no authority to collect or otherwise handle the funds and revenues of said company. That in pursuance of said employment, which began on or about March 12, 1925, appellee Griffin did take charge of said business in the respects hereinbefore referred to, and continued in such employment, reporting daily to said Partain as the president of appellant corporation, and daily turned over the receipts and revenues of the business, until on or about the 17th day of April, 1925, when said Griffin, with the acquiescence, connivance and assistance of said Spann, began to operate said busses as if they were the property of appellees. That said Griffin refused to further report to the president and manager of appellant company, refused to turn over the moneys paid in to him by the drivers of said busses, and refused to recognize appellant company or its duly elected and authorized manager, and that he still so fails and refuses, notwithstanding the fact that he has been requested to do so, and requested to turn over the money so wrongfully appropriated by him which belongs to appellant. That said Griffin, with the acquiescence, consent, and co-operation of said Spann, has wrongfully assumed the management, direction, and control of appellant's business, and has wrongfully converted the motor busses aforesaid, and is wrongfully holding possession thereof, for the benefit of himself and said Spann, and that appellees are undertaking to operate the business of appellant as a private asset of their own, to appellant's damage in the sum of $130 per day, said sum being about the average daily receipts derived from the operation of said motor busses. That in addition to the four motor busses operated by appellant between the cities of Greenville and Paris it owns and operates other motor busses for the carriage of passengers for hire between the cities of Greenville and Dallas, and that appellees have not only converted to their own use the four motor busses operated between Greenville and Paris, Tex., and the moneys and revenues arising from the operation of said business, and undertaken to repudiate appellant's

ownership and rights in said property, but that they are doing all in their power to injure appellant's business in the operation of other motor busses, by attempting to interfere with appellant's schedules and runs, and by connivance with appellant's competitors to that end, for the purpose of injuring appellant's business. That if the appellees are not restrained by injunction, and appellant's property restored to it by order of the court, that it has been and will continue to be irreparably damaged.

The petition for the writ, duly sworn to, was presented on April 12, 1925, in chambers, to Hon. J. M. Melson, judge of the Eighth judicial district, exercising jurisdiction in the county of Hunt, at which time, without notice to appellees or either of them, the petition was considered and the writ, as prayed for, directed to be issued by the fiat of the judge indorsed upon the petition, upon appellant's filing bond in the sum of $1,000, payable and conditioned as required by law and approved by the clerk of the court.

The appellees answered by general demurrer to the merits, by general denial, and a special plea, duly sworn to, containing allegations constituting, in effect, a cross-action, but not amounting to a specific denial of the allegations contained in appellant's petition, being more in the nature of a plea of confession and avoidance, except as to the following, which constitutes, in a measure, a denial of some of the material allegations contained in appellant's petition, to wit: Referring to the busses operated by appellant between the cities of Greenville and Dallas, it is alleged that:

"Said Partain is receiving all of the revenues arising from said busses, and these defendants deny that they are attempting to interfere with the schedule or run of said business, or that they are conniving with plaintiff's competitors to injure plaintiff's business."

In reference to the four busses operated between Greenville and Paris, Tex., it is alleged:

"* * * * That these defendants have, since the 17th day of April, been operating said four busses; that they deny that they ever appropriated to their own use the revenues arising from said busses; that in truth and in fact they have placed all moneys and revenues arising from the operation of said busses in the Hunt County State Bank & Trust Company to the credit of the Red Ball Stage Lines, Inc., and that they are continuing to operate said lines and will place said funds in said bank to the credit as aforesaid; that they deny that they have been appropriated to their own use and benefit, and they deny that they will appropriate to their own use and benefit any of said funds arising in the future, except the proper expenses incurred in the operation of said busses, and such part thereof as is necessary to pay off and discharge the monthly sums becoming due and arising from said liens against said busses existing prior to their transfer of said

property to said corporation, and which lien the said corporation assumed."

Appellees' answer embraces motion to dissolve, or, in the alternative, to modify the injunction. The motion to dissolve was heard on April 25, 1925, which resulted in appellees' general demurrer urged to appellant's petition being sustained, as well as the granting of the motion to dissolve. This hearing was had on the petition and answer, which were alone considered. The court refused to hear evidence in support of the issues of fact presented by appellant's petition, appellees' answer thereto and appellant's supplemental petition in reply to said answer. Therefore the case is before us on an appeal from a judgment rendered sustaining general demurrer to appellant's petition, and it is not necessary to consider any of the pleadings, other than the petition and the general demurrer addressed thereto.

Five material questions are presented for determination in order to properly dispose of this appeal:

(a) Where irreparable injury to property or rights is being inflicted or threatened, and it shall appear that the party applying for a writ of injunction is entitled to the relief demanded, and such relief, or any part thereof, requires the restraint of some act prejudicial to the applicant, will the fact that there is available an adequate remedy at law constitute grounds for refusing to grant the writ?

(b) Whether or not an injunction is the proper remedy to protect a private corporation against the wrongful acts of its officers, agents, and employés, and to enforce the performance of their duties to the corporation in respect to corporate property committed to them.

(c) Whether or not an injunction is the proper remedy to restrain the breach of the contract made by appellees with appellant not to engage in a competitive business for a period of three years.

(d) Whether the fact that a temporary injunction grants all the relief to be obtained on final trial is reason for refusing it in a proper case.

(e) Whether or not the fact that a mandatory writ of injunction commanding the restoration of certain property issued before notice was improperly issued if possession of the property was forcibly or fraudulently obtained from the owners.

Other questions are presented, but, as they cannot influence the disposition of this appeal, they are not deemed of sufficient importance to be taken into account in the discussion presenting our reasons for the conclusions reached. We will first dispose of appellees' contention in support of the action of the court in dissolving the temporary writ of injunction that the answer of the defendants, duly sworn to, denies all the material allegations in plaintiff's petition.

Appellant's original petition alleges certain matters which are peculiarly of equitable cognizance, to wit, that appellant is a private corporation in which the appellees are stockholders, directors, and employés; that as such they occupy a relation of trust and confidence to appellant company; that they helped to organize and participated in the corporation, and up to the time of the wrongful appropriation by them of the corporation's property and franchises they were acting in the capacity of trusted agents and officers of the corporation; that, becoming dissatisfied with the sale of the four busses to appellant and the organization of the corporation, they appropriated the property and assets of the corporation to their own use and benefit, and have since that time been exercising private ownership over and of the property and franchises, and have refused to recognize the corporation or its duly constituted officers.

In addition to this, it is alleged that appellees converted certain motor busses of the corporation, for which they were paid by the appellant in stock in its corporation; that by the contract of conveyance appellees transferred all of their rights, franchises, and good will to the company, and agreed that they would not engage in the business they were selling to appellant for a period of three years. Appellees, in their answer and motion to dissolve, do not deny these facts, but plead by way of confession and avoidance that they were induced to take stock in the corporation and transfer their property to appellant by reason of certain false and fraudulent representations made to them by said Partain, who promoted and assisted them in the organization of the corporation. They seek to rescind their contract of sale, and, in this respect, in effect, allege that, when the appellees found that they had been defrauded into going into the scheme of incorporating the said business with said Partain, and that in fact said Partain had not paid anything in cash or otherwise for the $13,000 worth of stock issued in his name, and that the affidavit made by him that he had so paid for the capital stock subscribed for by him was absolutely false, and about the same time they found that the said Partain was negotiating some kind of deal by which he proposed to sell and transfer the property of the corporation to other parties, they repossessed themselves of the busses they had transferred to the corporation, and reclaimed same because their transfer was the result of fraud, and they claim to have the right to repossess themselves of the property so fraudulently obtained from them subject to the debts of the corporation.

[1] It is only where, on the coming in of the answer denying all of the material allegations contained in the bill, that the court is authorized on motion made therefor to dissolve the injunction. Articles 4664, 4665, V. S. T. C. S. 1914; Rabb v. La Feria Mutual Canal Co.,

62 Tex. Civ. App. 24, 130 S. W. 916; Lone Star Lodge, Knights and Ladies of Honor v. Cole, 62 Tex. Civ. App. 500, 131 S. W. 1180; Porter v. Johnson (Tex. Civ. App.) 140 S. W. 469.

[2] It is very apparent that the sworn answer only denies fragments of some of the material allegations, leaving the major portion thereof immune to the answer in so far as same was not denied by any of the terms of the answer. Therefore, on this ground of appellees' motion, the court was not justified in dissolving the temporary injunction.

[3] The fact that a legal remedy was available, which, if pursued, would have secured to appellant adequate relief, could not operate to deny appellant the right to the injunctive relief sought. It appearing from the allegations of its petition that appellant is entitled to the relief demanded, to wit, protection against appellees' use of their possession of appellant's property, committed to them as its trusted employés for the purpose of conducting the business in which appellant was engaged, and to prevent appellees from appropriating, not only the property thus committed, but to prevent them from appropriating the revenues derived from the use of same in conducting appellant's business, and it further appearing that, in order to obtain such relief, it will require the restraint of some act prejudicial to appellant, to wit, the unlawful appropriation and use of the property committed to the care and control of appellees for the purpose of conducting appellant's business, and from appropriating to their own use and benefit the proceeds arising from the use of appellant's property thus committed to appellees, and to restrain them from engaging in the business appellant is engaged in in competition with appellant in violation of the contract made not to so engage. Complete Tex. St. 1920, or Vernon's Sayles' Ann. Civ. St. 1914, art. 4643, subd. 1; Sumner v. Crawford, 91 Tex. 130, 41 S. W. 994; Tel. & Tele. Co. v. Smithdeal, 104 Tex. 264, 136 S. W. 1049; Holbein v. De La Garza, 59 Tex. Civ. App. 125, 126 S. W. 42; Wicker v. Thomson et al. (Tex. Civ. App.) 242 S. W. 1106.

[4] Appellant's board of directors is composed of three members, appellees and Partain. Therefore appellees represent two-thirds of the managing power of the corporation, and, in addition thereto, became trusted employés as well as agents of appellant, and, in this dual capacity, the four busses involved in this litigation were intrusted to their management and control for the use and benefit of the corporation. Appellees' possession of the busses, or right to control and direct the movement of same in carrying on the business of appellant, was lawfully acquired, but became wrongful immediately upon appellees asserting rights thereto inconsistent with the rights of appellant and in violation of the duty that they, as officers and agents of appellant, owed to the corporation, as the alleged acts and conduct of appellees amounted, not only to an unlawful appropriation of the property of appellant committed to their charge, to the exclusion of appellant to manage, control, and direct such property in the prosecution of its business, but to the appropriation of the proceeds arising therefrom. This effort on the part of appellees, viewed in its most favorable light, could be nothing less than a diversion or an attempt to misappropriate the corporate property, revenues, and franchises owned, possessed, and to which appellant was entitled. This is especially true, as the wrongful acts alleged would result in the destruction of two-thirds of the business of appellant, represented by and dependent upon the use of the four motor busses sought to be appropriated without authority of law by appellees. Therefore the petition in this respect alleged facts clearly showing that appellant is entitled to some of the relief demanded, and that such relief requires the restraint of some act prejudicial to appellant. Williams v. Watt (Tex. Civ. App.) 171 S. W. 266; Arno Co-op. Irrigation Co. v. Pugh (Tex. Civ. App.) 177 S. W. 996; Driskill v. Boyd (Tex. Civ. App.) 181 S. W. 715; Indiana, etc., Co. v. Darling (Tex. Civ. App.) 185 S. W. 1039; Toomey v. Mortgage Co. (Tex. Civ. App.) 177 S. W. 539.

[5, 6] Under the facts alleged we cannot, with that sufficient degree of certainty that should control in matters of this kind, say that the possession of the property was forcibly or fraudulently obtained by appellees. This is material on the question of appellants' right to a mandatory injunction, for it is only where property has been forcibly or fraudulently obtained, and the equities require that the possession thus wrongfully invaded be restored to the rightful owner, that a court is authorized by mandatory injunction to restore the property so wrongfully taken to the apparent rightful owner. Holbein v. De La Garza, 59 Tex. Civ. App. 125, 126 S. W. 45. This is based upon the proposition that the ownership of property prima facie rests with him who has possession, and where wrongfully—that is, in violation of his rights—such owner is deprived of his possession, the equities of the situation rest with him whose possession was thus wrongfully disturbed, and, in order to restore the status quo, that the wrongdoer may not gain an advantage by his wrongful act, a court of equity, in the exercise of its powers to prevent a wrong, or to stay one from obtaining an unconscionable advantage over another through a wrong, will, by a writ of mandatory injunction, restore the possession, so that the status of the parties will rest as aforetime; the change of possession through the wrongful act leaving the ultimate rights of the parties to be determined through a full hearing on the merits.

Block v. Fertitta (Tex. Civ. App.) 165 S. W. 504; Hightower v. Price (Tex. Civ. App.) 244 S. W. 652.

Hence we conclude that the trial court was in error in granting appellant full relief as prayed for, to the extent that same included and comprehended that measure of relief that is only within the office and power of a mandatory writ of injunction, and further that, on hearing the motion to dissolve, the court erred in sustaining appellees' general demurrer and in granting appellees' motion to dissolve in toto. The motion to dissolve should have been granted only to the extent of modifying the order granting the temporary writ of injunction, so as to enjoin appellees from using their possession of the four motor busses involved to assert claims or rights thereto antagonistic to those of appellant, and from using said busses for any purpose inconsistent with and in violation of the purpose for which said busses were committed by appellant to their charge, direction, and control, and from using their possession of said busses for any other purpose than to conduct and carry on appellant's business which it is authorized by its incorporation to pursue, and to account for and pay over to the president of appellant any and all sums of money received, and which may be received, after the date of granting said temporary writ of injunction, on account of the operation of said busses in the course of appellant's business and requiring appellees, as to the moneys theretofore collected and not accounted for to appellant, to render a full itemized statement thereof, showing all sums received, the disposition made of same, including expenses of the business paid out, or any other legitimate charge against money so received, and enjoining them from asserting, by virtue of their possession, any adverse claim or title to said four busses in so far as attempting to withhold same from the possession of, and use by, appellant, until this cause and all issues therein involved shall have been finally determined on its merits between appellant and appellees in reference to the organization of said corporation and the transaction involving the transfer of said business.

[7] That a mandatory writ of injunction may issue in a proper case without notice—that is, the issuance of the writ—will not be regarded as improper, where possession of property has been obtained by forcible trespass or by actual fraud for that purpose from one lawfully in the possession thereof, has been held in the well-considered authorities of Jeff Chaison Townsite Co. v. McFaddin Wiess & Kyle Co., 56 Tex. Civ. App. 611, 121 S. W. 719; Holbein v. De La Garza, supra. However, appellant's allegations for the issuance of a mandatory writ of injunction fall short of the requirements necessary to bring the issuance of the writ without notice within the rule announced in the above authorities, in that the allegations are not sufficient to show that the possession of the property was obtained by forcible trespass or by such actual fraud perpetrated for that purpose amounting, in effect, to a forcible trespass. Appellees' objection to the writ on this ground is well taken in so far as same sought, and the court granted, mandatory relief. This, however, only having the effect to vacate the portion of the writ which is purely mandatory, will not impair appellant's right to the relief that it is entitled to, which the court was authorized to grant without notice.

[8] The allegations to the effect that appellees, by the contract conveying the property in controversy, rights, franchises, and good will pertaining thereto, to appellant, bound themselves not to engage in competitive business for a period of three years, and that appellees, in disregard of said agreement, were actually using the business and property of the company for their own use in violation of said provision of the contract not to compete, state facts that authorized the issuance of the temporary injunction as prayed for, restraining appellees from engaging in such business in violation of the terms of the contract obligating them not to do so for the period of time therein stated. Rosenfield v. Seifert (Tex. Civ. App.) 270 S. W. 220.

We therefore conclude that, because of the error in dissolving the writ of injunction in toto and dismissing the cause, that the judgment of the district court should be reversed, and the cause remanded, with instructions to reinstate the case on the docket of said court, and to modify the injunction in accordance with the directions herein contained, and, as modified, to continue same in force and effect until this cause shall have been fully determined upon its merits, agreeably to the rules of law applicable to the issues presented on the facts that may be established on such hearing; and it is so ordered.

Reversed and remanded, with instructions.