**ARCOLA SUGAR MILLS CO. v. BURNHAM.**

No. 6826.

Circuit Court of Appeals, Fifth Circuit.

Dec. 15, 1933.

Walter F. Brown, of Houston, Tex., for appellant.

W. W. Naman, of Waco, Tex., and G. H. Penland, of Dallas, Tex., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

This is an appeal by the Arcola Sugar Mills Company, a Texas corporation, from a decree ordering its dissolution, and appointing a receiver to dispose of its assets, pay off its liabilities, and distribute any surplus remaining among the stockholders.

The decree is based on appellee Burnham's bill in equity which avers that he owns 400 shares of the corporation's capital stock; that the corporation had abandoned the business it was created to carry on; that Miss Kate Scanlan, the principal stockholder, had taken possession of all its property, collected and converted to her own use the income therefrom, had failed to keep an accurate account or record of receipts and disbursements, and was indebted to the corporation in a large sum, but refused to disclose to appellee its financial condition, or to allow him to inspect such incomplete books and partial records of account as were available. These averments were denied in appellant's answer, but after hearing they were all, except as to the alleged indebtedness, found by the court to be true. It was not alleged or proved that either the corporation or Kate Scanlan was insolvent. The court therefore assumed that the corporation was solvent. On the question of Kate Scanlan's indebtedness to the corporation, the court found that there were "strong reasons" for believing that she was largely indebted to it, but that whether or not this was true could only be determined upon a full accounting. The evidence which was submitted on this subject rather supports, as we think, the opposite conclusion that the corporation was heavily indebted to Kate Scanlan. At any rate, it appears that she is a woman of consider-

able wealth and is amply able to pay any debt she may be held to owe the corporation upon a complete statement of accounts between them.

The Arcola Company was incorporated in 1903 with a capital stock of $750,000, divided in 7,500 shares of $100 each, for the purpose of manufacturing sugar, and was authorized to acquire the ownership of such buildings, machinery, equipment, and land as might be necessary for that purpose. It acquired a tract of 8,600 acres of land on which it established its plant, but has not manufactured any sugar since 1914. The machinery was sold because it was damaged in a storm which occurred in 1915, and also because it was becoming obsolete. Since 1914, upon some of the land annual crops, principally cotton, corn, and hay, have been grown, and other parts of it have been used as a pasture. All the capital stock, aside from 400 shares which appellee Burnham claims to own, belongs to Kate Scanlan and her sisters.

█ Burnham claims title to the 400 shares of stock in dispute as purchaser. In 1921 Kate Scanlan, who was indebted to him in the sum of $19,000, evidenced by her unsecured note, gave him a renewal note for that amount secured by 400 shares of stock of the Arcola Company. The note authorized Burnham to sell the security at private or public sale without advertising and without notice, and also gave him the right to buy it if the sale were public. After the note became barred by the statute of limitations, Burnham resorted to the stock which he held as security to enforce payment, as he had the right to do under Texas law. Hudson v. Wilkinson, 61 Tex. 606. His attorney, while he was alone in his office, took the stock out of his safe, and says he bid it in at $500 for Burnham.

█ It is idle to argue that this was a public sale. Burnham still holds the stock as pledgee. But as pledgee he had the right to appeal to the court to protect his interest and to prevent dissipation of the corporation's assets. 6 Thompson on Corporations (3d Ed.) 122. It may be assumed that in a proper case he could maintain a suit to dissolve the corporation, and pending dissolution have a receiver appointed to preserve its assets. Fletcher's Cyclopedia of Corporations, vol.

12, § 5651. But these are harsh measures which should not be resorted to except in extreme cases. Williams v. Watt (Tex. Civ. App.) 171 S. W. 266; Toomey v. First Mortgage Trust Co. (Tex. Civ. App.) 177 S. W. 539; Indiana Canal Co. v. Darling (Tex. Civ. App.) 185 S. W. 1039. In this case, in our opinion, there is no need either for the appointment of a receiver or for a dissolution of the corporation. Under the authorities last above cited, as well as under a rule which prevails generally in the courts of this country, a bill in equity which seeks no other relief than the appointment of a receiver will not usually be entertained. An accounting can be had just as well without as with the appointment of a receiver. A receiver is not needed to collect the rents and income, since appellee in the name of the corporation may collect from Kate Scanlan, who is financially responsible for her acts which are complained of, any money received by her and belonging to it. Equity Rule 27 (28 USCA § 723); People's Investment Co. v. Crawford (Tex. Civ. App.) 45 S. W. 738. There is no claim that the property of the corporation is being operated improvidently, or at a loss, or that it could be put to better use. The only ground advanced for dissolution is that the corporation is not manufacturing sugar and thus confining its activities to the particular kind of business authorized by its charter. The charter has twenty years yet to run. If within that time the business of manufacturing sugar should, in the opinion of the majority stockholders, become profitable or desirable, there is still time to re-establish that business. On the other hand, Kate Scanlan and her sisters, who own 95 per cent. of the stock, could easily have the charter amended so as to authorize the corporation to carry on the general farming business in which it is now engaged. Texas Revised Civil Statutes, art. 1314. The state has not undertaken to forfeit the charter on the ground that it has been abandoned, and under the circumstances here disclosed appellee as pledgee of 5 per cent. of the stock has not shown the right to have the corporation dissolved.

The decree is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.